BARKELOO     *A. Kinney,* for the appellant.
   v.        *C. P. Hester,* for the appellee.
RANDALL.

---

### BARKELOO *v.* RANDALL and Another.

A justice of the peace who issues a writ of domestic attachment, by which the
goods of an absconding debtor are attached, without requiring a bond to be
previously filed according to the statute,—and the party who procures such
writ to be issued without previously filing the bond,—are trespassers, and
liable as such to the party injured.

*Tuesday,*      APPEAL from the *Rush* Circuit Court.
*May 29.*
                SULLIVAN, J.—This was an action of trespass *de bonis aspor-*
*tatis.* The defendants severed in their pleas. *Randall* plead-
ed that on the sixth of *September,* 1836, at, &c., the defendant,
*Kay,* appeared before him, the said *Randall,* then and there
being an acting justice of the peace in and for the county of
*Rush,* and made and filed his affidavit, stating, among other
things, that the said *Barkeloo* was justly indebted to said
*Kay* in the sum of 50 dollars, &c., and that *Barkeloo* so con-
cealed himself, that the ordinary process of law could not be
served upon him, &c., whereupon said *Randall* issued his writ

of domestic attachment directed to a constable of the proper county, commanding him to attach the goods and chattels of said *Barkeloo;* that the writ was delivered to the proper officer, and by virtue thereof the goods and chattels named in the declaration were duly attached, &c. *Kay* also pleaded that on, &c., at, &c., he appeared before said *Randall,* then and, there being an acting justice of the peace in and for *Rush* county, and made and filed an affidavit stating, among other things, that said *Barkeloo* was justly indebted to him, said *Kay,* in the sum of 50 dollars, &c., and that *Barkeloo* so concealed himself that the ordinary process of law could not be served upon him; that said *Randall* thereupon issued a writ of domestic attachment directed to a constable of the county, commanding him to attach the goods and chattels of *Barkeloo;* that said writ was duly delivered, &c., and the goods and chattels of the plaintiff in the declaration mentioned, were by virtue thereof attached; which is the same taking, &c. The defendants also pleaded the general issue.

To the special pleas of the defendants the plaintiff replied, that the said *Kay* sued out the writ of attachment, and said *Randall* issued the same, without any bond being filed by *Kay,* as required by law, conditioned for the due prosecution of the writ of attachment, and for the payment of all damages that might be sustained by the plaintiff, if the proceedings of *Kay* in the attachment should be wrongful and oppressive. These replications were by the Court below, on general demurrer, adjudged bad; and final judgment was given for the defendants; whereupon the plaintiff appealed to this Court.

The first section of the act authorising domestic attachments provides, that when any person shall so abscond or conceal himself that the ordinary process of law cannot be served upon him, it shall and may be lawful for his creditor or creditors, to appear before a clerk of the Circuit Court or justice of the peace, and make oath to that fact, and that the defendant is justly indebted to affiant, &c.; and upon filing such affidavit, and his bond with surety in double the sum demanded, payable to the defendant, and conditioned for the due prosecution of the writ of attachment, and the payment of all damages that may be sustained by the defendant, if the proceedings thereon shall be wrongful and oppressive, a writ of domestic attachment shall issue. By the second section of the act, each

and every justice of the peace before whom such affidavit and *bond shall be filed*, is authorised and required to issue a writ of domestic attachment.

The questions made for our consideration are, 1st, was the filing of the bond an indispensable requisite to give the justice of the peace jurisdiction? and, 2dly, whether the action should not have been case instead of trespass?

When Courts of special and limited jurisdiction exceed their rightful powers, the whole proceeding is *coram non judice;* and all concerned in such void proceedings are liable to an action by the party injured. In *Elliott* v. *Peirsol*, 1 Peter's U. S. Rep. 340, it is said that if a Court act without authority, its judgments and orders are regarded as nullities. They are not only voidable but void. And in *Wise* v. *Withers*, 3 Cranch, 331, it is acknowledged to be a principle, that a decision of such a tribunal in a case clearly without its jurisdiction, cannot protect the officer who executes it; but that the Court and the officers are all trespassers. It is only while they act within the authority conferred upon them, that the law throws its protection around them. An excess of jurisdiction, as for instance issuing a warrant to apprehend without information on oath, will render the justice liable. *Vosburgh* v. *Welch*, 11 Johns. 175. And where there is an indispensable requisite to bring his official power into action, and that requisite be not complied with, his acts are null and void, and the justice of the peace, and the party procuring the act to be done, are liable to the party injured in an action of trespass. 1 Baldw. 571. Where a party procures an inferior magistrate to exceed his jurisdiction, and extend his powers to a case to which they cannot lawfully be extended, he becomes a trespasser, and is amenable to the party injured. *Curry* v. *Pringle*, 11 Johns. 444. In the case of *Gold* ads. *Bissell*, 1 Wend. 210, it is held, that in cases where a summons is the regular process, a warrant without oath is irregular and void. Without the oath, the justice has no jurisdiction over the person of the defendant, and all parties concerned in an arrest under such process are trespassers. In *Vosburgh* v. *Welch*, above cited, which was an action of trespass brought against a justice of the peace for issuing an attachment against the goods of the plaintiff, as an absconding debtor, without legal proof of the fact of concealment as required by the statute, it was held that if a justice issues his

attachment without oath, he must be considered as issuing it without authority, and is liable in an action of trespass *de bonis asportatis.* Numerous cases might be adduced to show, that where a Court of inferior and limited jurisdiction acts without authority, or exceeds the authority conferred upon it, the Court, the parties, and the officers who execute the decision, are all trespassers.

If in the present case, no affidavit had been filed as required by the statute, it would not have been pretended, but that the justice of the peace who issued the writ by which the property of the defendant was attached, and the party who procured it to be issued, were trespassers. Why may the bond be dispensed with, and not the affidavit? The statute places both on the same footing, and expressly provides that when *both* are filed, the justice of the peace shall be *authorised* to issue the writ.

Our view of the law therefore is, that a justice of the peace who issues a writ of domestic attachment, by which the property of an absconding debtor is attached, without requiring a bond to be first filed according to the statute, and the party who procures such writ to be issued without first filing his bond, are trespassers, and as such liable to the injured party.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*C. B. Smith,* for the appellant.
*C. H. Test* and *J. Perry,* for the appellees.