Harris *v.* Knapp et al.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*David McDonald* and *John S. Newman,* for the appellant.
*James Perry, J. B. Julian* and *I. F. Julian,* for the appellee.

---

HARRIS *v.* KNAPP *et al.*

JURISDICTION.—In suits commenced by *capias ad respondendum,* the jurisdiction of a justice of the peace extends throughout his county, and over all persons found therein, whether they reside therein or in other counties.

APPEAL from the *Wayne* Circuit Court.

PERKINS, J.—*Knapp* and *Knapp* sued *Harris* before a justice of the peace in *Wayne* township, *Wayne* county, *Indiana.*

The suit was duly commenced by *capias. Harris* was found and arrested in *Wayne* county, taken before the justice, who issued the writ, where he obtained a continuance of his cause for over a month. At the appointed time he appeared, and answered, that the affidavit upon which the *capias* issued, was

not true, &c. This answer was held bad, both before the justice and on appeal in the Circuit Court, and in both Courts there was a trial of the merits of the case, and judgment for the plaintiffs.

The question in this case is, whether the answer ousted the jurisdiction of the justice of *Wayne* township, *Wayne* county, *Indiana.*

According to the answer, *Harris* was a resident of a township in *Randolph* county, *Indiana,* in which township were justices of the peace, &c., and he was not about, &c.

The cause of action in the suit was transitory, and, at common law, the defendant would have been suable, in a Court of general jurisdiction, wherever found. But the jurisdiction of justices is statutory. Hence, in this case, the statute of the State must settle the question.

Prior to 1861, the civil jurisdiction of justices of the peace, in *Indiana,* stood thus, over persons:

Each justice had jurisdiction over the residents of his township only, except in the following cases:

1. He had jurisdiction by summons over non-residents of any township in his county, though the persons were residents of townships in other counties of the State, if found within the township where sued.

2. He had jurisdiction by summons over non-residents in any township of the State, that is, residents of foreign States, if found within his township.

3. He had jurisdiction by *capias* in cases in which that writ might issue, throughout his county, over all persons found therein.

The act of 1861 made a provision touching persons jointly liable, and extinguished the first exception specified, leaving the second and third in force. 2 G. & H. p. 580, sec. 13. It neither enlarged nor diminished the jurisdiction in *capias* cases, nor did it change the mode of trial in those cases. What

was, and still is, that mode of trial? It is shown by sections 24, 25, 26, 41, 42, 43 and 44. 2 G. & H. 583, *et seq.* It is a trial on the merits. The truth of the affidavit, on which the *capias* issues, is not brought in question.

*Per Curiam.*—The judgment below is affirmed, with 10 per cent. damages and costs.

*John Yaryan,* for the appellant.
*H. B. Payne,* for the appellees.