Paul *v.* Ward et al.

---

## PAUL *v.* WARD *et al.*

PRACTICE—PLEADING.—As to what is a sufficient complaint to entitle a party to a writ of *capias ad respondendum* from a justice's Court, see the opinion at length.

SAME.—In actions commenced by *capias ad respondendum,* if the affidavit is, on its face, sufficient to entitle the plaintiff to the writ, he is entitled to have a trial of the cause upon its merits.

APPEAL from the *Wayne* Common Pleas.

DAVISON, J.—This was an action by *Ward & Taylor* against *Paul,* commenced, by *capias ad respondendum,* before a justice

Paul *v.* Ward et al.

of the peace.   The affidavit, upon which the *capias* was founded, is as follows:

"STATE OF INDIANA, *Wayne* County.

"Personally appeared before me, *Henry Snyder*, a justice of the peace, within and for *Jackson* township, in said county, *Aaron Ward*, who, being sworn, says that *Jesse Paul*, of *Dudley* township, *Henry* county, is justly indebted to him and *Joseph Taylor*, as partners, in the sum of 102 dollars and 92 cents, (to which they have added 10 dollars in damages,) for work and labor, as per bill of items herewith filed; and he further says, that said *Jesse Paul* is now in said *Jackson* township, and that he is about to leave the county, taking with him property subject to execution, with which their demand may be paid, with intent to delay them as his creditors; and, further that their claim is due.

"A. WARD.

"Subscribed and sworn to, this 31st of *January*, 1862.

"HENRY SNYDER, J. P."

The bill of items referred to in the affidavit reads thus:

| | |
|---|---:|
| Scoring and hewing 549 ft of timber, at 3 cts per ft... | $16 47 |
| Getting out 313 sleepers, at 1 cent per foot.............. | 3 13 |
| Framing 75 squares and 18 feet, at 1 dollar per square. | 75 18 |
| For raising old barn and shed, 4 days..................... | 7 00 |
| For laying 456 feet of flooring........................... | 4 56 |
| Damages as above claimed................................. | 10 00 |
| They demand judgment for.........................$116 | 34 |

The defendant, upon the return of the *capias*, filed an affidavit, alleging, "that, at the time of the filing of the affidavit, and the issuing of the *capias*, he was, and long previous thereto had been, a resident of *Dudley* township, in *Henry*

county, and that he was not about to leave *Wayne* county, with intent to hinder, delay or defraud his creditors." Upon this affidavit, the defendant moved for his discharge, but his motion was overruled, and thereupon he moved the justice to dismiss the suit on the ground that the plaintiff's affidavit was insufficient. This motion was also overruled, and then he answered, &c. The justice gave judgment for the defendant, and the plaintiff appealed. In the Common Pleas, the defendant again moved to dismiss the suit, because of the insufficiency of the affidavit of the plaintiffs, but the motion was overruled; and, further, he moved to quash the writ issued by the justice, which motion was also overruled. The issues were then submitted to a jury, who, in answer to interrogatories propounded to them by the Court, found specially, "that when this suit was commenced, the defendant, *Jesse Paul* was resident of *Henry* county, *Indiana*; that he was not at, or about the time of its commencement, about to leave *Wayne* county, taking with him property subject to execution, or other means, with which any demand of the plaintiffs, in whole or in part, might have been paid, with intent to delay or defraud his creditors, and that there is due from him to the plaintiffs 80 dollars." The jury also found a general verdict for the plaintiffs. Motion for a new trial and in arrest denied, and judgment, &c.

The errors, so far as relied on for a reversal, are thus assigned:

1. The affidavit, on which the *capias* issued, was insufficient.

2. The Court erred in overruling the motion to dismiss the suit.

3. The jury, having found that defendant was not guilty of fraud, the judgment should have been arrested.

An act, defining the jurisdiction of justices, &c., provides, sec. 24, that "whenever it shall appear, from the affidavit of the plaintiff, that he has a legal demand then due against any

Paul *v.* Ward et al.

person then in, or about to come in, any county, and that such defendant, as the affiant believes, is about to leave the State or county, taking with him property subject to execution, or other means, with which such demand might be paid in whole or in part, with intent to delay or defraud his creditors, any justice shall issue a *capias ad respondendum* against the defendant, &c." 2 R. S. G. & H. p. 583.

The affidavit is said to be objectionable, because, as is alleged, it does not state the amount of the indebtedness with any degree of certainty. We think otherwise. The sum due is stated to be 102 dollars and 92 cents, as per bill of items. It is true, the bill foots up 116 dollars and 34 cents, but that does not render the sum alleged on the affidavit uncertain. Properly construed, the affidavit means that the defendant is indebted 102 dollars and 92 cents on the bill of items. The affidavit, in our opinion, is within the substantial requirements of the statute; and that being the case, the motion to dismiss the suit, was correctly overruled.

As we have seen, the third assigned error is, that "the jury, having found that the defendant was not guilty of fraud, the judgment should have been arrested." There is nothing in this assignment. The affidavit being, on its face, sufficient to authorize the writ, the plaintiff was entitled to a trial on the merits. See *Harris* v. *Knapp*, at the present term.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*Lafe Develin* and *Geo. A. Johnson,* for the appellant.

*John Yaryan,* for the appellees.