Paris *v.* Strong.

---

## PARIS *v.* STRONG.

PRACTICE.—*Misjoinder.*—The Supreme Court cannot reverse a judgment on account of the overruling of a demurrer on the ground of a misjoinder of causes of action, or for the admission of evidence in support of each of the causes of action.

STATUTE OF FRAUDS.—*Marriage Contract.*—A parol contract of marriage, not to be performed within a year, is within the statute of frauds.

SAME. — A parol contract of marriage that may be performed at any time within three years, and consequently within one year, is not within the statute of frauds.

INSTRUCTION. — *Credibility of Witness.* — After instructing a jury that, in deciding upon the credibility of a witness, they may consider certain specific things, it is error to further instruct that they may consider whatever else they may have seen or heard during the trial that should go to the credibility of the witness.

CONTRACT. — *Allegations and Proof.* — In a suit upon a contract, under an answer of general denial, the plaintiff cannot recover, unless he proves the contract alleged in the complaint.

From the Clinton Circuit Court.

*J. V. Kent* and *J. N. Sims,* for appellant.

*L. McClurg,* for appellee.

DOWNEY, J.—Suit by appellee against appellant, for breach of marriage contract.

The complaint, as amended, alleges, in substance, that on or about the 1st day of November, 1870, the defendant agreed and promised to marry the plaintiff, in consideration that she would marry him; that it was then and there, and for a long time afterwards, agreed between them that they would marry each other in a reasonable time from said date; that the time, at the request of the defendant, was postponed from one period to another, until near the time of commencing this action; that by reason of said contract of marriage and under the same, the defendant, at his solicitation and request, had carnal knowledge and intercourse with plaintiff, whereby she became pregnant, and was delivered of a child on the 3d day of October, 1871, by reason of which she was sick and prevented from performing her usual avocations for six months; that the defendant has neglected and refused to marry the plaintiff, and still neglects and refuses so to do, although the plaintiff has all the time been ready and willing to marry him, and in all things performed her part of the contract, and has often requested the defendant to marry her. Wherefore, etc.

The complaint was adjudged sufficient on demurrer thereto, alleging,

1. That several causes of action were improperly joined.

2. That it did not state facts sufficient to constitute a cause of action.

The defendant answered by a general denial, and also certain special paragraphs. Reply in denial of the special paragraphs.

There was a trial by a jury, and a verdict for the plaintiff. A motion for a new trial was made and overruled, and there was judgment on the verdict.

The first error alleged is the refusal of the court to quash the writs of summons, two of which were successively issued. We think there is no merit in the objections urged to the writs. See 2 G. & H. 63, sec. 37.

The second alleged error is the overruling of the demurrer to the complaint. If there was a misjoinder of causes of action, which we need not decide, we cannot reverse on that account. 2 G. & H. 81, sec. 52

We may as well say here as elsewhere that we think it follows that we cannot, in such case, reverse because the court admitted, over the defendant's objection, evidence in support of each cause of action so improperly united. If we cannot reverse on account of an erroneous ruling on the demurrer in such case, it must follow that we cannot do so on account of the admission of evidence in support of each of the causes of action.

It requires some degree of liberality to hold that the complaint states facts sufficient to constitute a cause of action. The promise alleged is to marry in a reasonable time. It is then alleged that the time was postponed from one period to another, until near the time of commencing this action. The uncertainty is in this part of the complaint. If the time was thus postponed until near the time of the commencement of the action, it seems to us that the time to which it was thus postponed might have been stated, and the breach predicated thereon. On account, however, of the allegation of readiness on the part of the plaintiff, and the demands upon the defendant to comply with his promise, and his refusal, we hold the complaint good.

Several grounds for a new trial were stated in the motion.

The sufficiency of the evidence to justify the verdict was one of the grounds. We regard the evidence of the plaintiff as showing, not a contract to marry in a reasonable time and the postponement from time to time of its peformance, but as showing a promise to marry in or within three years from the date of the making of the contract. But we need not decide, and do not decide, anything upon the sufficiency of the evidence, as we have come to the conclusion that the judgment should be reversed on other grounds.

Counsel urge that the contract proved was a contract not to be performed within a year, and was, therefore, void

by the statute of frauds. We do not doubt but that a contract of marriage, not to be performed within a year, is within the statute, as well as a contract on any other subject. But the evidence does not clearly show that the contract might not have been performed within the year. It was to be performed either in or within three years. · If it might be performed at any time within the three years, and consequently within one year, it would not be within the statute. *Wiggins* v. *Keizer*, 6 Ind. 252; *Wilson* v. *Ray*, 13 Ind. 1; *Fall* v. *Hazelrigg*, 45 Ind. 576.

It is urged that, as the plaintiff testified that the defendant ceased to visit her for three months at one time, this showed an abandonment of the contract and a discharge of the defendant. We do not understand that the plaintiff testified to a discharge of the defendant from his engagement, either expressly or by implication. At all events, she testified to a renewal of the relations which had before existed.

Objection is made to the second instruction given by the court, which was as follows:

" In determining the credibility of a witness, you should take into consideration the interest of the witness in the event of the suit, his general intelligence, his strength of memory, his means of knowledge about which he testifies, his manner upon the witness stand, his consistency with himself and with the other witnesses who testified in the cause, and whatever else you may have seen or heard during the trial that should go to his credibility."

We think the latter part of this charge is exceptionable. The court informed the jury that, in deciding upon the credibility of a witness, they might consider certain specified things, and also whatever else they might have seen or heard during the trial that should go to his credibility. This latter part of the charge, we think, should not have been given.

The fifth instruction given was as follows:

" To entitle the plaintiff to recover in this action, she must prove, by a preponderance of all the evidence given in the cause, that there was a contract of marriage made and

entered into by and between the defendant and the plaintiff, and that the defendant failed to comply with that contract."

In the tenth instruction, the court said, among other things,

"If you find that a marriage contract existed between the parties, and that the defendant failed to perform his part of that contract, give the plaintiff such damages as will fully compensate her for such injuries as arose immediately from the breach."

The defendant having pleaded a general denial of the complaint, the plaintiff could not recover unless she proved the contract alleged in her complaint. The instructions just copied authorized the jury to find for the plaintiff upon the proof of any marriage contract, whether it was the one alleged in the complaint or not. This was entirely wrong. No rule of law can possibly be better settled, and none is more necessary in the administration of justice, than that the plaintiff must recover upon his allegations, or not at all. If this were not so, it would be a mockery to require him to state a sufficient case in his complaint. Having thus stated his case, his proofs ought to be confined to it, and if he has proved a different case, however meritorious, he should be defeated. *McAroy* v. *Wright*, 25 Ind. 22.

Other questions are made with reference to instructions given, and others which were refused, but we do not deem it necessary to consider them.

The judgment is reversed, with costs; cause remanded, with instructions to grant a new trial.