Faulkner *et al. v.* Brigel *et al.*

Filed April 3, 1885.

---

No. 11,821.

FAULKNER ET AL. *v.* BRIGEL ET AL.

101 329
152 625

ATTACHMENT.—*Bond.—Parties.—Complaint.*—The complaint of B. and S., on an attachment bond, averred a suit by the principal defendant against B. and S., and affidavit that B. was a non-resident, and an undertaking in attachment in the usual form, payable to the *defendants* for all damages *he* may sustain, etc., the issuing of a writ of attachment against B. and S., under which the sheriff seized and held a stock of goods which they owned as partners, until it was released by a delivery bond ; that upon the attachment there was a judgment for B. and S.; that that proceeding was wrongful, to their damage.

*Held*, on demurrer to the complaint, that it was bad, because S. had no right of action jointly with B. or otherwise.

From the Jay Circuit Court.

*D. T. Taylor, J. M. Smith* and *T. Bailey,* for appellants.

*W. A. Thompson* and *J. W. Thompson,* for appellees.

COLERICK, C.—This action was instituted by the appellees upon an attachment bond executed by the appellants. It appears by the averments in the complaint, that the appellant Faulkner, on the 21st day of May, 1879, commenced an action in the Jay Circuit Court against the appellees for damages, and with his complaint filed an affidavit for a writ of attachment, in which it was recited that the appellees were indebted to him in the sum of $3,500, the nature of which indebtedness was fully stated; that the claim was just, and that he ought to recover said sum, and that the appellee Brigel was a non-resident of the State of Indiana, and also then filed a written undertaking, as required by the statute in such cases, executed by him, as principal, and by his co-appellants McKinney and Dougherty as sureties. The body of the undertaking, so filed, was as follows: " We undertake that the plaintiff shall duly prosecute his proceeding in attachment in this action, and pay to the *defendants* all damages which *he* may sustain if the proceedings of the plaintiff shall be wrongful and oppressive." On the filing of the complaint, affidavit and undertaking, the clerk of the court approved the undertaking, and issued a writ of attachment against *both* of the defendants in the action, although the affidavit upon which the writ was based related to *one* of the defendants only, and against whose property alone the writ should have been issued. Under and by virtue of the writ so issued the sheriff of Jay county, to whom it was directed, seized and took possession of a stock of goods owned by the defendants jointly as partners, and kept and detained the same, with the store-room in which the property was located, until the 29th day of May, 1879, when the defendants obtained a release of the property by executing to the sheriff a delivery bond therefor. It was averred in the complaint in

this action, that the attachment proceeding was afterwards heard and determined by the court, and resulted in a finding and judgment in favor of the defendants therein, and it was also averred that said proceeding in attachment was wrongful and oppressive, for reasons therein stated, and that the appellees had been damaged thereby, etc. Wherefore they prayed judgment, etc.

Separate demurrers by each of the appellants to the complaint, on the ground that the same did not state facts sufficient to constitute a cause of action, were overruled, and thereupon the appellants McKinney and Dougherty severally filed separate answers to the complaint in two paragraphs each. These two answers were, in all respects, alike. The first paragraph of each was a general denial; while the second, purporting to be, as it was, a partial answer to the complaint, averred, in substance, that each of said two appellants had executed the undertaking, upon which the action was founded, as the surety of the appellant Faulkner, and that as to the appellee Sterling it was executed without any consideration whatever. Demurrers were sustained to the second paragraph of the answers.

The appellant Faulkner filed a separate answer to the complaint, in four paragraphs: 1. A general denial. 2. Averring, as a partial answer to the complaint, that the undertaking as to the appellant Sterling was executed without any consideration. 3. Averring, in substance, that he did not cause the writ of attachment to be issued against the property of the appellee Sterling, nor did he direct the sheriff to levy the same upon his property, or assist the sheriff in doing so, or consent to the same, and that neither he, nor any one else for him, made or filed with the clerk of said court an affidavit authorizing him to issue a writ of attachment against the property of Sterling, and that if any such property was seized by the sheriff under the writ which was issued, it was done without his direction, knowledge or consent, and that if the clerk issued a writ of attachment against

the property of Sterling, it was without his direction, knowledge or consent.   4. Averring, in substance, the same facts as those set forth in the third paragraph.   The third and fourth paragraphs were verified.   Demurrers were sustained to each paragraph of the answer, except the first.

The issues formed were tried by a jury, who returned a verdict in favor of the appellees, and assessed their damages at $497.24, upon which, over a motion for a new trial, judgment was rendered in favor of both of the appellees against all the appellants, from which they have appealed, and jointly and severally assign as errors the rulings of the court upon said several demurrers and on the motion for a new trial.

As the appellants have not discussed in their brief the error last assigned, it will be treated by us as abandoned by them. The principal question discussed by them, and submitted for our consideration is the sufficiency of the complaint.

It is settled, as a rule, by the decisions of this court, that where two or more join in an action, the complaint must show a right of action in favor of all the plaintiffs.   *Lipperd* v. *Edwards*, 39 Ind. 165; *Maple* v. *Beach*, 43 Ind. 51; *Parker* v. *Small*, 58 Ind. 349; *Harris* v. *Harris*, 61 Ind. 117; *Hyatt* v. *Cochran*, 85 Ind. 231.   In this case the complaint failed to show a right of action in the appellee Sterling on the undertaking which was the foundation of the action.   No cause of action thereon existed in his favor.   The only person who can maintain an action on such an undertaking is the defendant to the attachment proceeding.   It is given for his benefit alone, and not for the indemnification of a third party whose property may be wrongfully seized by the officer executing the writ of attachment.   Drake Attachment, section 162.   Evidently, the undertaking, above set forth, which was the basis of this action, was carelessly prepared.   It failed to show, with certainty, whether it was given to one or both of the appellees.   In that respect it was, in form, defective, but the defect was cured by the statute.   R. S. 1881, section 1221.   It was given for the sole

Faulkner *et al.* v. Brigel *et al.*

purpose of procuring an attachment against the property of Brigel alone, and, therefore, is to be treated as if executed to him only. See *Moore* v. *Jackson*, 35 Ind. 360. The defect in the form of the undertaking could not operate to extend the liability of those who executed it beyond that contemplated and assumed by them at the time of its execution. The clerk, under the affidavit for an attachment, which was filed with him, and to which we have referred, possessed no power to issue an attachment against the property of Sterling, and could not, and did not, by his unauthorized act in issuing it, render the persons who executed the undertaking liable thereon to Sterling for the damages which he thereby sustained. The sureties on an attachment bond can be subjected to liability under it only in reference to the particular writ for obtaining which it was given. Drake Attachment, section 165. The clerk who issued the attachment against the property of Sterling, in the absence of an affidavit authorizing its issuing, and the plaintiff in the action in which it was issued, if he procured the clerk to issue it, were trespassers, and liable, as such, to Sterling, if he was damaged thereby. See *Barkeloo* v. *Randall*, 4 Blackf. 476; Drake Attachment, section 118.

It follows from the views above expressed, that, in our opinion, Brigel alone could sue on the undertaking, and that no joint right of action thereon existed in favor of the appellees. The demurrers to the complaint for that reason should have been sustained.

It is sufficient to say with reference to the answers to which demurrers were sustained, that they were good enough for a bad complaint, and, therefore, the court erred in sustaining demurrers to them. For these erroneous rulings the judgment should be reversed.

PER CURIAM.—The judgment of the court below is reversed at the costs of the appellees, and the cause is remanded with instructions to the court to sustain the demurrers to

the complaint, and for further proceedings in accordance with this opinion.

Filed April 10, 1885.