### RODDE v. HOLLWEG ET AL.

[No. 2,373.    Filed February 1, 1898.]

ATTACHMENT. — *Complaint.* — *Parties.* — *Affidavits.* — The statutory provisions upon which the right to an attachment depend must be strictly construed, both as to the subject-matter of the attachment and the manner of enforcing the remedy, and where the bill of particulars filed with the complaint shows that one of the defendants was not liable for any part of the account, but as shown by the affidavit his codefendants were about to sell to him the property sought to be attached, for the purpose of cheating the creditors of such codefendants, the action cannot be maintained.

From the Hamilton Circuit Court.    *Affirmed.*

*Fertig & Alexander*, for appellant.

*Jameson & Joss*, for appellees.

ROBINSON, C. J.—Appellant sued appellees on an attachment bond. A demurrer for want of sufficient facts was sustained to the complaint, and this ruling

is the only error assigned. The complaint sets out
the complaint in the cause wherein the writ of attach-
ment was issued, the bill of particulars attached to
the complaint, the affidavit, writ, and undertaking in
attachment. In the original proceedings Hollweg
brought an action on an account, making Alex Hertz-
man, Samuel Rodde and Saul Rodde, appellant, de-
fendants. In the first and second paragraphs of his
complaint Hollweg alleged that Alex Hertzman and
Samuel Rodde, as Hertzman & Rodde, were indebted
to him on account for goods sold; that they had sold
their stock of goods to Saul Rodde for the fraudulent
purpose of cheating, hindering and delaying the cred-
itors of said Hertzman & Rodde which said sale was
without any consideration; that Saul Rodde was
trying to dispose of and sell said stock of goods for
said fraudulent purpose. In the third paragraph it
was alleged that all the defendants were indebted
to him in a named sum which was due and unpaid.
The affidavit in attachment bears the title as to parties
set out in the complaint, and after stating that the
cause of action is upon an account, that the claim is
just, and stating the amount affiant believes plaintiff
should recover, concludes as follows: "that said de-
fendants Alex Hertzman and Samuel Rodde, have
made a pretended sale, or are about to dispose of their
property to said defendant Saul Rodde, for the pur-
pose and with the fraudulent intent to cheat, hinder,
and delay their creditors, and that said defendant,
Saul Rodde is about to sell said property of his said
codefendants for the purpose and with the fraudulent
intent to defraud the creditors of his codefendants,
as he is informed and believes." The attachment
bond, signed by appellees, has the same title as the
affidavit, and undertaking, "that the plaintiff in the
above entitled cause will duly prosecute his proceed-

ings in attachment therein and will pay all damages which may be sustained by the defendants if the proceedings of the plaintiff shall prove wrongful and oppressive."

The remedy by attachment is in derogation of the common law, and exists in this State by virtue of the statute alone. It is not an independent proceeding, but is an extraordinary remedy given in aid of an action already commenced or begun at the time of the proceedings in attachment. *Excelsior Fish Co.* v. *Lukins*, 38 Ind. 438. It is well settled that the statutory provisions upon which the right to an attachment depends should be strictly construed both as to the subject-matter of the attachment and the manner of enforcing the remedy. *Louisville, etc., R. W. Co.* v. *Parish*, 6 Ind. App. 89.

In the case at bar the attachment proceeding was not an independent action against all the defendants named in the original action, but was an additional remedy resorted to by the plaintiff in that action to collect a debt, not from Saul Rodde, but from Hertzman and Samuel Rodde. Before the plaintiff was entitled to the writ he must show by affidavit one or more of the statutory grounds for attachment. This he did as against Hertzman and Samuel Rodde by stating that they were about to dispose of their property to Saul Rodde with intent to cheat, hinder, and delay their creditors, and that Saul Rodde was about to sell said property of said codefendants for the purpose of cheating the creditors of his codefendants. It is true, it was alleged in the third paragraph of complaint that all the defendants owed the amount sued for, but the bill of particulars filed as an exhibit and made a part of that paragraph shows that the account was owing only by Hertzman & Rodde, and construing that paragraph and the exhibit together it cannot be

Rodde *v.* Hollweg *et al.*

said that the paragraph shows Saul Rodde liable for any part of the account.  Upon the affidavit filed, there was no authority of law to issue a writ of attachment against any property except that of Hertzman and Samuel Rodde.  The principal and surety on the bond undertook that the plaintiff would duly prosecute his proceedings in attachment and would pay all damages which might be sustained by the defendants.  This necessarily means the defendants whose property has been attached.  They did not undertake to pay all damages sustained by the defendants in the original action, but only those to the attachment proceedings.  And any wrong that may have been committed against Saul Rodde's property is not protected by the bond given by appellees.  They gave the bond for the protection of those defendants whose property it was sought to reach by the attachment, and not for the protection of a stranger to the attachment, although a defendant in the original action, whose property may be wrongfully seized by an officer executing the writ.  The clerk who issued the writ had no authority to issue it against any property of Saul Rodde, and it cannot be said that his unauthorized act in issuing the writ against appellant's property created any liability under the bond. See Drake Attachments (2d ed.), section 162; *Barkeloo* v. *Randall*, 4 Blackf. 476, 32 Am. Dec. 46; 1 Shinn on Attachment and Garnishment, section 185.

The principles declared in the case of *Faulkner* v. *Brigel*, 101 Ind. 329, are in point, and are controlling in the case at bar.  In that case appellant begun suit against appellees Brigel and Sterling, and filed an affidavit in attachment averring that Brigel was a nonresident, and also filed an undertaking to "pay to the defendants all damages which he may sustain if

the proceedings of the plaintiff shall be wrongful and oppressive." A writ of attachment was issued against both of the defendants, and under the writ the sheriff took possession of a stock of goods owned by the defendants jointly as partners. At the hearing of the attachment proceedings a judgment was rendered in favor of the defendants. The defendants in that suit, Brigel and Sterling, afterwards instituted an action upon the attachment bond. The court held that no cause of action on the bond existed in Sterling's favor, and that the only person who could maintain an action on such an undertaking is the defendant to the attachment proceedings, and that the bond was given for the sole purpose of procuring an attachment against the property of Brigel alone, and that it was to be treated as if executed to him only. In the course of that opinion the court said: "The defect in the form of the undertaking could not operate to extend the liability of those who executed it beyond that contemplated and assumed by them at the time of its execution. The clerk, under the affidavit for an attachment, which was filed with him, and to which we have referred, possessed no power to issue an attachment against the property of Sterling, and could not, and did not, by his unauthorized act in issuing it, render the persons who executed the undertaking liable thereon to Sterling for the damages which he thereby sustained. The sureties on an attachment bond can be subjected to liability under it only in reference to the particular writ for obtaining which it was given. Drake Attachment, section 165. The clerk who issued the attachment against the property of Sterling, in the absence of an affidavit authorizing its issuing, and the plaintiff in the action in which it was issued, if he procured the clerk to issue it, were trespassers, and liable, as such, to Sterling, if he was damaged thereby."

Applying the doctrines of *Faulkner* v. *Brigel, supra,* to the case at bar, the court did not err in sustaining the demurrer to the complaint.    Judgment affirmed.