## Batten *v.* McCarty.

[No. 13,050.    Filed November 4, 1927.]

1. MALICIOUS PROSECUTION.—*Distinction between "malicious prosecution" and "false imprisonment."*—Where an action that resulted in the imprisonment of the defendant therein was commenced and carried on maliciously and without probable cause, and the imprisonment was under legal process, it constitutes "malicious prosecution," but where the imprisonment was extra-judicial, without legal process, it is "false imprisonment." p. 468.

2. STATUTES.—*Statutes in restraint of personal liberty should be strictly construed.*—Every statute in restraint of personal liberty should be strictly construed, and construed, too, with reference to the current of decisions and the usual practice which existed at the time of and before its adoption. p. 468.

3. JUSTICES OF THE PEACE.—*Jurisdiction limited to $200 in capias ad respondendum as in other civil actions.*—The jurisdiction of a justice of the peace is not expanded in actions in which a *capias ad respondendum* is issued, but is limited to actions where the debt or damage claimed does not exceed $200, as in other civil actions. p. 468.

4. JUSTICES OF THE PEACE.—*Capias ad respondendum, though not conferring authority to arrest defendant, may be sufficient as a summons.*—A writ of *capias ad respondendum* issued by a justice of the peace is in the form of a summons to the defendant and a command addressed to the constable to take the defendant into custody, and, although the capias may not confer authority to make the arrest, it may be sufficient as a summons. p. 468.

5. JUSTICES OF THE PEACE.—There is no authority for issuing a *capias ad respondendum* merely that it may act as an attachment of the defendant who is already in court. p. 468.

6. JUSTICES OF THE PEACE.—*That capias ad respondendum may be served throughout the county does not increase justice's jurisdiction.*—The fact that a *capias ad respondendum* may be served anywhere in the county where issued (§1998 Burns 1926) does not increase the jurisdiction of a justice beyond $200 in civil actions. p. 468.

7. ARREST.—*Justice cannot issue capias for arrest of defendant where claim exceeds $200, but jurisdiction is in circuit court.*—If the amount of plaintiff's claim exceeds $200, a justice of the peace would not have jurisdiction to issue a *capias ad respondendum* to prevent the defendant from absconding, but jurisdiction is in the circuit court, and the defendant could be arrested and held to bail in the manner prescribed by the Code of Civil Procedure. p. 468.

8. JUSTICES OF THE PEACE.—*In action commenced by capias ad respondendum, trial is on the merits, the affidavit being disregarded.*—In an action commenced by *capias ad respondendum* (§1998 Burns 1926), the trial is on the merits, the truth of the statements in the affidavit on which the capias issued is not brought in question. p. 470.

9. JUSTICES OF THE PEACE.—*Justice has jurisdiction over resident of another county when suit commenced by capias.*—When an action is commenced before a justice by the issuance of a *capias ad respondendum*, the justice has jurisdiction of his person although he is a resident of another county. p. 470.

10. JUSTICES OF THE PEACE.—*Necessary averments in affidavit for capias ad respondendum.*—In order to give a justice jurisdiction in an action commenced by *capias ad respondendum* (§1998 Burns 1926), the affidavit must state the facts required

by the statute, viz., that the plaintiff has a legal demand, then due, against a person then in or about to come into the county, and that such defendant is about to leave the county taking with him property subject to execution, with intent to delay or defraud his creditors. p. 470.

11.  JUSTICES OF THE PEACE.—An action commenced before a justice of the peace which is not within the jurisdiction of the justice should be dismissed. p. 470.

12.  ARREST.—*Arrest was unlawful when made on capias issued by a justice on affidavit showing claim for $257.88 and which failed to set out statutory requirements necessary to issuance of writ.*—A *capias ad respondendum* issued by a justice of the peace (§1998 Burns 1926) on an affidavit showing that the defendant was indebted to the plaintiff for merchandise sold to him in the amount of $257.88, and that the defendant was about to remove property subject to execution out of the state, not leaving enough to satisfy plaintiff's claim, and that he had sold his property subject to execution with the fraudulent intent to cheat, hinder or delay his creditors, was void because the amount exceeded the jurisdiction of the justice and because of failure to set out in the affidavit on which the writ was issued the statutory requirements necessary to the issuing of the writ, and arrest thereunder was unlawful. p. 470.

13.  MALICIOUS PROSECUTION.—*Action for malicious prosecution will not lie where plaintiff was arrested and imprisoned under void writ of capias ad respondendum.*—An action for malicious prosecution will not lie where plaintiff was arrested and imprisoned under a void writ of *capias ad respondendum*, the proper action being for false imprisonment. p. 471.

14.  FALSE IMPRISONMENT.—*One simply filing affidavit for capias ad respondendum before a justice not liable for arrest of defendant on capias issued thereon.*—One who simply files an affidavit for a *capias ad respondendum* (§1998 Burns 1926) and does nothing more, leaving the matter wholly in the hands of the justice to issue the writ or not as he sees fit, is not liable to the defendant therein who is thereafter arrested on a capias issued by the justice, even though the affidavit was insufficient and no bond was filed as required by the statute. p. 471.

15.  FALSE IMPRISONMENT.—*Complaint for false imprisonment on void writ of capias ad respondendum held sufficient as to party causing writ to be issued.*—A paragraph of complaint for false imprisonment alleging that the defendant filed with a justice of the peace his claim on account and an affidavit for a *capias ad respondendum* (§1998 Burns 1926), and "caused such proceedings to be had in said cause" that the justice issued a

capias, under and by virtue of which the plaintiff was arrested and, in default of bail, was committed to jail, was sufficient on demurrer, although the defendant had filed no bond as required by statute before such writ should be issued.  p. 472.

From Wells Circuit Court; *A. Walter Hamilton,* Judge.

Action by Elmer Batten against Marshall B. McCarty. From a judgment for defendant on sustaining a demurrer to the complaint, the plaintiff appeals. *Reversed.*   By the court in banc.

*Simmons, Dailey & Simmons* and *L. B. Simmons,* for appellant.

*George T. Whitaker, W. H. Eichhorn, Frank W. Gordon* and *John H. Edris,* for appellee.

McMahan, J.—Action by appellant, the first paragraph of the complaint being for malicious prosecution and the second for false imprisonment.  A demurrer was sustained to each paragraph; hence this appeal. The first paragraph alleges that appellee maliciously and without probable cause filed in the office of a named justice of the peace an affidavit as follows:

"State of Indiana ⎱
  Jay County      ⎰ SS:

Before Emory L. Wright, Justice of the Peace for Richland Township said County.

"McCarty & Bowman ⎱
      vs.          ⎰ Affidavit for Capias
"Elmer Batten      Ad Respondendum.

"Marshall B. McCarty swears that the claim in this action is for goods and merchandise sold to the defendant, that said claim is just and that the plaintiff ought to recover two hundred and fifty-seven and 88-100 dollars' ($257.88) and that the defendant is about to re-

move money and property subject to execution out of the state and not leaving enough to satisfy plaintiff's claim and has sold his property subject to execution with fraudulent intent to cheat, hinder or delay his creditors.

Marshall B. McCarty.

"Subscribed and sworn to before me this 8th day of December, 1925.

"Emory L. White,

"(J. P. Seal)                              Justice of Peace."

That the justice of the peace thereupon issued a *capias ad respondendum* directed to any constable of the county directing and commanding such constable to take appellant and forthwith bring him before such justice at his office to answer the complaint of McCarty and Bowman, wherein they claimed $257.88 and to notify the plaintiff, his agent or attorney of such action, and placed the same in the hands of a constable for service; that the constable served the writ on appellant, arrested him as commanded and took him before the justice, who thereupon issued a commitment, by virtue of which the constable placed appellant in the county jail, where he remained until a few days later, when the proceeding under which he had been so arrested and placed in jail was dismissed and when he was released from custody.

The second paragraph is like the first, in that, it alleges the filing of the affidavit by appellee, the issuance of the capias, the arrest of appellant, his commitment to jail, the dismissal of the proceeding and his discharge. This paragraph does not allege malice and want of probable cause as was alleged in the first paragraph. It alleges that the affidavit was filed under and by virtue of §1998 Burns 1926, relating to the issuance of writs of *capias ad respondendum;* that appellee failed and neglected and refused to file with the justice any written undertaking, as required by the statute, conditioned that the plaintiff in the action would duly prosecute the

proceeding and pay all damages sustained by appellant if the proceedings should be wrongful and oppressive; that notwithstanding appellee's failure to file any bond in the cause, he "caused such proceedings to be had in said cause" that the justice of the peace, by virtue of and under said affidavit, issued the capias under which the arrest was made; and that his arrest and imprisonment under the capias were void.

Section 1998 Burns 1926, provides that: "Whenever it shall appear from the affidavit of the plaintiff, or some other person, that such plaintiff has a legal demand, then due against any person, then in or about to come in any county, and that such defendant, as the affiant believes, is about to leave the state or the county, taking with him property subject to execution or other means with which such demand might be paid, in whole or in part, with intent to delay or defraud his creditors, and such plaintiff shall also execute a written undertaking, with sufficient freehold surety, to be approved by the justice, payable to the defendant, conditioned that the plaintiff will duly prosecute this (his) proceeding in *capias ad respondendum* to effect, and will pay all damages which may be sustained by the defendant if the proceedings of the plaintiff shall be wrongful and oppressive, such justice shall issue a *capias ad respondendum* against such defendant; which shall be returnable forthwith, and may be served anywhere in the county where issued."

Before entering upon a discussion of the sufficiency of either paragraph of the complaint, we call attention to the difference between an action for malicious prosecution and an action for false imprisonment.

As was said in *Turpin* v. *Remy* (1833), 3 Blackf. (Ind.) 210: "An action for malicious prosecution can only be supported for the malicious prosecution of some *legal* proceeding, before some judicial officer or tribunal.

If the proceedings complained of are extra-judicial, the remedy is trespass, and not an action on the case for a malicious prosecution." (Our italics.)

If the imprisonment is under legal process, but the action has been commenced and carried on maliciously and without probable cause, it is malicious prosecution. If it has been extra-judicial, without legal process, it is false imprisonment. *Seeger* v. *Pfeifer* (1870), 35 Ind. 13; *Colter* v. *Lower* (1871), 35 Ind. 285, 9 Am. Rep. 735; *Boaz* v. *Tate* (1873), 43 Ind. 60; *Dietrichs* v. *Schaw* (1873), 43 Ind. 175; *American Express Co.* v. *Patterson* (1881), 73 Ind. 430; *Cleveland* v. *Emerson* (1912), 51 Ind. App. 339, 99 N. E. 796.

"Every statute in restraint of personal liberty, ought to be strictly construed, and construed too with reference to the current of decisions, and the usual practice which existed at the time of, and before, its adoption." *Ramsey* v. *Foy* (1858), 10 Ind. 493. See, also, *Willis* v. *Bayles* (1886), 105 Ind. 363, 5 N. E. 8; *Spice & Son* v. *Steinruck* (1863), 14 Ohio St. 213.

Our first inquiry, naturally, relates to the jurisdiction of the justice of the peace over the cause of action in which the capias was issued and the right of the justice to issue the capias. Section 1880 Burns 1926, §1433 R. S. 1881, limits the jurisdiction of a justice of the peace in suits founded on contracts or tort to cases where the debt or damage claimed does not exceed $200.

In support of his contention that the first paragraph of complaint is sufficient to withstand a demurrer, appellant says the proceeding for a *capias ad respondendum* gave the justice "original exclusive jurisdiction, and that being the intent and purpose of the legislature, the amount involved is not limited by §1880 Burns 1926, *supra,* but an action on

account may be commenced before a justice for any amount." This contention cannot prevail. Section 1998 Burns 1926, is §24 of "An. Act providing for the election and qualification of justices of the peace, and defining their jurisdiction, powers, and duties in civil cases." 2 R. S. 1852, as amended Acts 1897 p. 141. The act, after providing for the election and qualification of justices of the peace in §10, defines and limits their jurisdiction. Provision is made for the commencement of actions, the issuance and service of process, and then in §24 it provides that whenever it shall appear by affidavit of the plaintiff or some other person that the plaintiff has a legal demand against any person then in or about to come in any county, and that the defendant is about to leave the state or county, taking with him property subject to execution, and such plaintiff shall also execute a written undertaking payable to the defendant, the justice shall issue a *capias ad respondendum* against the defendant. The writ when issued is in form both a summons addressed to the defendant to answer the plaintiff's complaint, and a command addressed to the constable, to take the defendant into custody. *People* v. *Gebhardt* (1908), 154 Mich. 504. And although the capias may not confer authority to make an arrest, it may be considered as a summons. There is no authority for issuing a capias merely that it may act as an attachment when the defendant is already in court. *Darlington* v. *Irwin* (1845), 1 Morris (Iowa) 421; *Kreger* v. *Osborn* (1843), 7 Blackf. (Ind.) 74. The fact that the capias, in the words of the statute, §1998 Burns 1926, *supra,* "may be served anywhere in the county where issued," does not have the effect of increasing the jurisdiction of the justice beyond $200. If the amount of the claim exceeds $200, jurisdiction is in the circuit court, and the defendant can be arrested and held to bail upon the conditions and in the manner

prescribed in the Code of Civil Procedure. See §856 *et seq.* R. S. 1881, §§952 *et seq.* Burns 1926.

In suits commenced by capias, the trial is on the merits. The truth of the affidavit on which the capias issues is not brought in question. *Harris* v. *Knapp* 8-12. (1863), 21 Ind. 198; *Paul* v. *Ward* (1863), 21 Ind. 211. In such cases a justice has jurisdiction over the person of a defendant although he be a resident of another county. *Leary* v. *Dyson* (1884), 98 Ind. 317. But, in order to give the justice jurisdiction in such cases, the affidavit must state the facts necessary, under the statute, to give the court jurisdiction, viz.: that the plaintiff has a legal demand, *then due* against a person *then in* or *about to come in* the county, and that the defendant is *about to leave* the county, taking with him property subject to execution, etc. The affidavit filed by appellee before the justice of the peace not only disclosed that the amount of the claim exceeded the jurisdiction of the justice of the peace, but it failed to state that the demand was due, that it was against a person then in or about to come in the county or that such person was about to leave the state or the county taking with him property subject to execution. If the demand was not due, or the defendant was not then in or about to come in the county, and as the person making the affidavit did not believe he was about to leave the county taking with him property out of which the demand might be paid, the justice had no jurisdiction or authority to issue the capias. Everything stated in the affidavit filed with the justice may have been true, and the demand might not have been due, or the defendant might not have been then in or about to come in the county. If in an action before a justice of the peace, the demand be not within the jurisdiction of the justice, the action should be dismissed. *Alexander* v. *Peck* (1840), 5 Blackf. (Ind.) 308; *Louisville, etc., R.*

*Co.* v. *Breckenridge* (1878), 64 Ind. 113; *Regina Co.* v. *Galloway* (1912), 50 Ind. App. 92, 98 N. E. 81. We hold the capias was void and the arrest of appellant thereunder unlawful: (1) For the reason that the amount of the demand exceeded the jurisdiction of the justice; and (2) because of the failure to set out in the affidavit the statutory requirements necessary to give jurisdiction to issue the writ.

The arrest being unlawful, as appears from the allegation of each paragraph of the complaint, an action for malicious prosecution will not lie. The court 13. did not err in sustaining the demurrer to the first paragraph of complaint.

Appellee, in discussing the sufficiency of the second paragraph, concedes that under the facts alleged in this paragraph the act of the justice of the peace in 14. issuing the capias and in committing the appellant to jail, was extra-judicial and without authority, but he contends that no facts are alleged showing that he was personally concerned or responsible for the arrest of appellant, in that it is not alleged that he "took any personal, physical part in making the arrest, or that he gave orders or direction concerning it." Appellee insists that all he did was to file the affidavit; that the only act mentioned in this paragraph or referred to as being done by him to procure the arrest of appellant was the mere filing of the affidavit. Appellee is doubtless correct in his contention that the mere filing of an affidavit is not sufficient to make him liable for the act of the justice in issuing the writ and in committing appellant to jail. A party who simply files an affidavit for a capias, and does nothing more, but leaves the matter wholly in the hands of the justice to issue the writ or not as he sees fit, and who neither aids nor advises as to any future steps or action in the matter is not liable to a person who may thereafter be

arrested on a capias issued by the justice. The fact that the affidavit was not sufficient, or that a bond was not filed as required by the statute, does not change the rule. *Barkeloo* v. *Randall* (1838), 4 Blackf. (Ind.) 476, see *Rodde* v. *Hollweg* (1898), 19 Ind. App. 222, 49 N. E. 282.

But the second paragraph of complaint sets out the defective affidavit, alleges that appellee failed, neglected and refused to file any undertaking, and then alleges that, notwithstanding such failure, appellee "caused such proceedings to be had in said cause that said justice did on said day issue a *capias ad respondendum*," under and by virtue of which, appellant was afterwards arrested and in default of bail was committed to jail. The allegation that appellee "caused such proceedings to be had" that resulted in the capias being issued by the justice is such an allegation of fact, as to render the complaint good as against a demurrer, in the absence of a motion to make it more specific by stating what, if anything, appellee did other than to file the affidavit. In view of the allegation that appellee caused further proceedings to be had, and the failure to file a motion to make that allegation more specific, we hold this paragraph was good as against the demurrer, and that the court erred in sustaining the demurrer to the second paragraph of the complaint.

Judgment reversed, with directions to overrule the demurrer to the second paragraph and for further proceedings.

Dausman, J., absent.