COLEMAN *v.* MITNICK, ETC.

[No. 19,955. Filed December 9, 1964. Rehearing denied January 29, 1965. Transfer denied March 31, 1965.]

*Hilbert L. Bradley,* of Gary, for appellant.

*Fox, Transki and Martin,* of Michigan City, for appellee.

HUNTER, J.—This appeal arises from an action instituted by appellant Leon Coleman against appellee Morris Mitnick for damages allegedly resulting from the alleged false imprisonment and malicious prosecution of Coleman by Mitnick. The first paragraph of appellant's complaint essentially alleges that appellee "wrongfully and unlawfully imprisoned Coleman" to appellant Coleman's damage of one thousand ($1,000)

dollars. The second paragraph alleges malicious prosecution by appellee. Appellee filed an answer in general denial to these paragraphs.

The cause was tried by jury. At the close of all the evidence, defendant Mitnick moved for a directed verdict with a tendered instruction thereon, which motion was sustained. Pursuant to such direction, the jury returned a verdict for appellee-defendant, and consistent judgment was rendered thereon.

The errors assigned on this appeal include the charge that the trial court erred in sustaining appellee's motion for a directed verdict. The appellant admits that the gravamen of this appeal is the alleged error in the directing of the verdict as to false imprisonment. We will now consider only that question. In considering the propriety of a directed verdict by a judge in a case properly triable by jury, certain principles must remain foremost in mind.

The Indiana Constitution, Art. 1, §20 provides:

"In all civil cases, the right of trial by jury shall remain inviolate."

This constitutional provision is the floor on which any ruling on a directed verdict in jury trials must rest. This court has emphatically stated that the above constitutional dictate places

". . . a heavy restraining hand upon the Courts to deny the submission of a cause brought in good faith and based upon a situation involving far reaching and serious consequences to the plaintiff . . ." *Garr* v. *Blissmer et al.* (1961), 132 Ind. App. 635, 177 N. E. 2d 913; *Bradford* v. *Chism* (1963), 134 Ind. App. 501, 186 N. E. 2d 432.

Therefore, especially because of this constitutional mandate, a rule limiting the court's interpretation must be followed by the trial judge when considering

a motion to direct a verdict, thus withdrawing the case from the jury. When considering the motion,

> "The court must accept as true all facts which the evidence tends to prove and draw all inferences which the jury might reasonably draw against the party requesting the instruction, and, in case of conflict, the court may consider that evidence only which is favorable to the party against whom the instruction is requested." *Tuttle* v. *Reid* (1964), 198 N. E. 2d 610, 613 citing *Clouse* v. *Peden* (1962), 243 Ind. 390, 186 N. E. 2d 1 and *Leader* v. *Bowley* (1961), 132 Ind. App. 528, 178 N. E. 2d 445.

The facts as shown in the evidence most favorable to appellant with the reasonable and legitimate inferences arising therefrom and agreed to by the parties, are as follows:

On a certain day, members of the Fair Share Organization, Inc. approached the appellee Mitnick concerning the employment of a Negro clerk in appellee's drug store.

Appellee refused, telling them "Just go ahead and picket me." Three days later, appellant Coleman and others commenced picketing appellee's place of business. Approximately three weeks after the picketing began, appellee threatened to have the appellant and others arrested. The following day, while appellant was dispensing handbills in front of the drug store, Mitnick came out of his store and told an officer who was present that he, appellee, wanted Coleman arrested. Appellee then told the officer to call a squad car. Coleman was taken to police headquarters where he was detained one hour. During this time, Mitnick was instructed by the desk sergeant to obtain a warrant.

Immediately thereafter, Mitnick appeared before

the city attorney and signed an affidavit for appellant's arrest, charging violation of Michigan City Ordinance No. 1390. A few hours after the first arrest, appellant was incarcerated for approximately two hours pursuant to the warrant issued at the instance of Mitnick. Coleman, by his attorney, filed a motion to quash in the criminal proceedings alleging that the ordinance under which Coleman had been arrested was unconstitutional as being violative of the 1st and 14th amendments of the United States Constitution. The municipal court judge sustained the motion, thereby ruling that the ordinance was unconstitutional. Subsequently, Mitnick caused an appeal to be taken to the LaPorte County Superior Court on the municipal court's ruling, which appeal was dismissed for lack of jurisdiction.

Basically, false imprisonment is an unlawful restraint of one's freedom of locomotion or action without his consent. *Batten* v. *McCarty* (1927), 86 Ind. App. 46, 158 N. E. 583; *Efroymson* v *Smith* (1902), 29 Ind. App. 451, 63 N. E. 328. We must determine whether the stated facts bring this case within this basic rule.

The Supreme Court has held that a demurrer is sustainable to an affirmative answer in justification in false arrest proceedings, when such answer alleges that the arrest was made pursuant to a statute that is unconstitutional. In this decision, the Supreme Court stated:

> ". . . persons are liable for acts done under an act of legislature which is unconstitutional and void. All persons are presumed to know the law, and if they act under an unconstitutional enactment of the legislature, they do so at their peril, and must take the consequences." *Sumner et al.* v. *Beeler* (1875), 50 Ind. 341.

*Sumner et al. v. Beeler, supra,* has been cited with approval in subsequent decisions and has not been over-ruled or modified. See *Bedford Quarries Co.* v. *Bough* (1907), 168 Ind. 671, 80 N. E. 529; and *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N. E. 944.

It is immaterial at which point of time such statute is declared unconstitutional. As stated in *Oolitic Stone Co.* v. *Ridge, supra,* at p. 574:

> "When a statute is adjudged to be unconstitutional, it is as if it had never been. Rights cannot be built up under it . . . it constitutes a protection to no one who has acted under it . . . (It) is to be regarded as having never, at any time, been possessed of any legal force."

In the case at bar, the ordinance under which the affidavit was signed by appellee was in effect declared unconstitutional by the municipal court judge. We are not here called upon to determine the constitutionality of the ordinance because such question was not presented at the trial level. We therefore assume the unconstitutionality of the ordinance, and neither appellee nor appellant dispute this point. Because of the unconstitutionality of the ordinance, it follows that the affidavit was void from its inception and charged appellant with no offense. Consequently, the arrest and incarceration of appellant was procured pursuant to illegal process. The facts demonstrate that appellee caused the arrest under illegal process by procuring a policeman to take custody and to imprison appellant and by signing the void affidavit for appellant's arrest. Such acts constitute false imprisonment. *John's Cash Furniture Stores, Inc., et al.* v. *Mitchell* (1955), 126 Ind. App. 231, 125 N. E. 2d 827; *Batten* v. *McCarty, supra.*

The record also indicates that the court placed a strict construction upon the complaint and concluded

that Mitnick did not *per se*, "imprison" the appellant, but only "caused" the imprisonment.
He thus seems to deduce that the evidence did not conform to the pleadings as part of his basis for directing the verdict.[1]

It is difficult to detect, under the facts and law of this case, any material difference between the terms "to imprison" and "cause to be imprisoned". The latter is inclusive in the former. It seems established in this state that he who proximately causes unlawful restraint is liable therefor regardless of his individual activity. *Matovina et al.* v. *Hult* (1955), 125 Ind. App. 236, 244, 245, 123 N. E. 2d 893, citing 35 C. J. S., False Imprisonment, §37, pp. 550, 551, and footnote 88. Thus, Mitnick, who primarily participated, "imprisoned" Coleman within the legal definition of false imprisonment. Therefore, proof that appellee caused the unlawful imprisonment was sufficient under the allegation of the complaint stating that appellee "imprisoned" appellant.

Therefore, for the reasons stated, error was committed by the trial court in sustaining appellee's motion for a directed verdict and withdrawing the case from the jury. *Hubble* v. *Brown* (1949), 227 Ind. 202, 211, 84 N. E. 2d 891.

Appellant further asserts error in the court's refusal to admit in evidence the whole of plaintiff's exhibit No. 5, which is a copy of a news article in the Gary American Newspaper, a publication of wide circulation in the vicinity of plaintiff's residence. The article in its entirety presented a pic-

1. While explaining his reasons for directing the verdict to the lawyers and jurors, the court stated in part: . . . "My opinion is that pleadings should be pretty specific . . . In the first paragraph it was alleged that a certain person imprisoned somebody. There is no proof of that." (Tr. p. 215)

ture of appellant in jail, an editorial comment on his being jailed and a headline proclaiming, "FSO Chairman Jailed in Michigan City, Indiana". The court admitted in evidence only the picture of appellant in jail. The problem here presented is whether the court was legally justified in admitting only the picture and not the whole exhibit.

In actions for false imprisonment, a newspaper article may be admitted for the purpose of showing the fact of publicity given the charge. See *Matovina et al.* v. *Hult, supra,* at p. 246; *Steward* v. *Maddox* (1878), 63 Ind. 51. However, if the publication states any facts other than those ascertained from the affidavit made by appellee charging appellant with violation of the said ordinance, the warrant of arrest, and the fact of arrest or detention thereunder, such additional matters or statements in the news article would be irrelevant and inadmissible unless shown or established to have been published at instance of appellee. See; *Baer* v. *Chambers* (1912), 67 Wash. 357, 121 Pac. 843; *Fletcher* v. *Chicago & N. W. Ry. Co.,* (1896), 109 Mich. 363, 67 N. W. 330; *Duval* v. *Inland Nav. Co. et al.* (1916), 90 Wash. 149, 155 PAC. 768.

The admission of the picture *plus* the headline should therefore have been allowed into evidence because such headline could be separated from the objectionable editorial comment.

We have thus extended our review and consideration of the error charged to the trial court in refusing to admit all of appellant's exhibit No. 5, to the end that some degree of guide may be afforded the court and the parties upon a possible re-trial of this cause.

For all of the foregoing reasons, this case is reversed and remanded to the trial court with instructions to grant plaintiff's motion for a new trial and

for further proceedings not inconsistent with this opinion.

Judgment reversed.

Kelley, P. J., Mote and Pfaff, JJ., concur.

## ON PETITION FOR REHEARING.

HUNTER, J.—Appellee advances five (5) reasons in ■ his petition for re-hearing of this cause.

The first three (3) reasons in combination allege that this court has failed to consider other questions of error presented by the appellant. This argument is untenable because it is well settled in Indiana appellate procedure that this court will not consider questions unessential to a determination of the appeal. *Bowen, et al.* v. *Stewart, Administrator* (1891), 128 Ind. 507, 26 N. E. 168, re-hearing denied 128 Ind. 507, 28 N. E. 73. It is also established that only one prejudicial error need be presented for reversal. *Appleby* v. *State* (1943), 221 Ind. 544, 48 N. E. 2d 646, re-hearing denied 221 Ind. 544, 49 N. E. 2d 533; also see Flanagan, Wiltrout and Hamilton, *Indiana Trial and Appellate Practice*, §361, p. 362. In the instant case, we have reversed on the error that the trial court wrongly directed the verdict of false imprisonment, and reversal on this error alone, is sufficient.

For his fourth reason, appellee cites *Paris* v. *Strong* (1875), 51 Ind. 339 in support of the proposition that proof of "causing to imprison" cannot ■ be made under an allegation of "to imprison". The *Paris* case, *supra*, is not authority for appellee's proposition in that in the *Paris* case, *supra*, plaintiff failed to allege the marriage *contract* that he was attempting to prove at trial. There was no

question of an allegation of false imprisonment in the *Paris* v. *Strong* case, *supra.*

Appellee further contends that we have misapplied *Sumner, et al.* v. *Beeler* (1875), 50 Ind. 341, for the reason that the holding in the *Sumner* case, *supra,* was based upon an arrest pursuant to a statutue which had been declared unconstitution *before* the arrest and in the instant case, the ordinance was declared unconstitutional *after* the arrest. Here again, appellee's argument is without merit. The *Sumner* case, *supra,* was cited *only* for authority that proof of an arrest under an unconstitutional statute is prima facie false imprisonment. *Oolitic Stone Co.* v. *Ridge* (1910), 174 Ind. 558, 91 N. E. 944 is the authority cited for the proposition that it makes no difference *at which time* such statute is declared unconstitutional because if the law is unconstitutional, it is deemed to be so from its inception.

Appellee also claims that the instant case contravenes *Batten* v. *McCarty* (1927), 86 Ind. App. 462, 158 N. E. 583, for the reason that in the instant case the Municipal Court judge and the City Attorney had the sole duty to determine whether the affidavit charged any offense. But on the contrary, the *Batten* case, *supra,* is authority for the instant case in that in the former, appellee was chargeable for false imprisonment although he apparently performed fewer acts in causing imprisonment under a void affidavit than the appellee in this case.

Therefore, the petition for re-hearing is denied.

NOTE.—Reported in 202 N. E. 2d 577. On Petition For Re-hearing Reported in 203 N. E. 2d 834.