## JEFFERSON V. DUNAVANT.

Decided April 12, 1890.

*Attachment—Intervention of claimant—Damages for detention.*

> The statute which authorizes the intervention of a claimant of property
> attached (Mansf. Dig., section 358) contemplates only a trial of the
> right of property; damages for detention of the property are recoverable
> in a separate action.

APPEAL from *Mississippi* Circuit Court.

J. E. RIDDICK, Judge.

In 1882 Dunavant bought a mule from Grandison Boyd.
Before delivery of possession, the mule was replevied from
Boyd by Jefferson. The replevin suit was decided in favor
of Boyd. Jefferson then sued on a note given for the pur-
chase money of the mule and obtained an order of attachment
to enforce his vendor's lien on the mule. Dunavant inter-
vened, claiming the property under his purchase. The issue
was determined in Dunavant's favor, and the mule delivered
to him. Thereafter he instituted an action against Jefferson
to recover damages for detention of the mule. Judgment
for plaintiff. The question is, whether the trial of Duna-
vant's interplea in the attachment suit bars a subsequent suit
for damages?

*Compton & Compton* and *John J. Hornor* for appellant.

1. The judgment in the replevin suit by Boyd was a bar
to this suit. Mansf. Dig., sec. 5145. Appellee being an
interpleader in that suit is estopped by the judgment. Wells,
Res Adj., secs. 248-9, 251; Herman on Estoppel, p. 165;
37 N. Y., 59. Whatever is within the scope of the pleadings,
is settled by the judgment. Wells, Res Adj., sec. 252.

2. On the interplea, the statute puts in issue all the
rights of the interpleader, title and damages. Mansf. Dig.,

secs. 346, 356. The judgment was conclusive not only as to matters litigated but as to any and all matters *that might have been litigated*. 58 N. Y., 176; Mansf. Dig., 358; 85 N. Y., 427; 94 N. Y., 424.

*H. M. McVeigh* for appellee.

The title to the mule was the only issue in the interplea. No damages were claimed. To render a matter *res adjudicata*, four things are necessary: (1) identity of things sued for; (2) identity of cause of action; (3) identity of persons and parties; (4) identity of quality in persons for or against whom claim is made. 2 Bouv., p. 467; 3 Kan., 390; 49 Ga., 412; 94 U. S., 423; 65 Me., 308; 28 Ohio, 596; 45 Ind., 489.

PER CURIAM. The record does not show that Dunavant was allowed to interplead for the mule in the replevin suit of Jefferson against Boyd. No judgment rendered therein could therefore affect his rights.

He interpleaded for the mule in the attachment suit by Jefferson against Boyd, and it is argued that damages for the detention of the mule could have been assessed in that case, and that the failure to do so is a bar to any further action for damages. The statute authorizing intervention in such cases contemplates only the trial of the right of property or of the claimant's interest therein. When determined in his favor, the court is directed to ''make such order as may be necessary to protect his rights'' (Mansf. Dig., sec. 358), but that can refer only to the protection of the right the jury has tried, not the award of damages.

Affirm.