## FLY *v.* GRIEB'S ADMINISTRATOR.

### Opinion delivered March 28, 1896.

62   209
p73   125
73   453

JUSTICE OF THE PEACE—JURISDICTIONAL AMOUNT.—The jurisdiction of a justice of the peace over a controversy between a plaintiff in attachment and an intervener is determined by the amount in controversy between the plaintiff and defendant in the attachment suit, and not by the value of the property attached.

ATTACHMENT—JUDGMENT.—The judgment for the intervener in an attachment suit should be for costs and the proceeds of the property in the sheriff's hands, and not for the property or its value, where the attached property had been sold, and the proceeds delivered to the sheriff.

Appeal from Saint Francis Circuit Court.

GRANT GREEN, JR., Judge.

*N. W. Norton,* for appellant.

1. The circuit court had no jurisdiction, on appeal from a justice, to render judgment for $950, or for posses-

14

sion of property of that value. A motion for new trial was not necessary. 31 S. W. 740.

2. Had there been jurisdiction, it was error to render judgment for the value of the goods which were not in possession of appellants. 33 Ark. 31; 34 *id.* 399. The agreement in the justice's court could add nothing to that court's jurisdiction.

*J. W. House*, for appellee.

1. The question of jurisdiction was waived in the court below. In an attachment suit before a justice, the amount in controversy determines the jurisdiction, and not the value of the property attached. 39 Iowa, 537; 30 La. An. 426. If the justice had jurisdiction, Grieb had the right to interplead for the property claimed by him. Sand. & H. Dig., secs. 372, 374. And the justice had power to investigate his claim, and if the title was found in him, he should have made an order to deliver the attached property to him.

2. While it is true, as a general proposition, that, if the justice had no jurisdiction, the circuit court could acquire none on appeal, yet, if the circuit court would have had jurisdiction, had the action been commenced there originally, it may retain the cause, and acquire jurisdiction by consent; or, if a trial is had, and the question of jurisdiction not raised, consent will be presumed, and it is too late to raise the question here for the first time. Hawes on Jurisdiction, sec. 34; 25 Minn. 128; 3 Gilman (Ill.), 594; 34 Iowa, 243; 18 Ill. 29; 32 Conn. 199; 4 McCord (S. C.), 79; Hawes on Jurisdiction, sec. 11; 25 Minn. 125; 39 Iowa, 537; 60 Ark. 26.

3. If the court erred in rendering judgment for the value of the property, and it becomes necessary to reverse the judgment, the cause should be remanded, with directions to render judgment for the delivery of the property.

*N. W. Norton,* in reply.

It is decided in 31 S. W. 740 that the court should not order the return of the property which has been sold. This court will not overlook the question of jurisdiction, even if not raised at all. 45 Ark. 346. See also, 44 Ark. 377.

WOOD, J.  Five suits were begun before a justice of the peace, each for an amount within the justice's jurisdiction. Writs of attachment were issued in each case, and all the writs were levied upon property of the defendant in the attachment. Appellee filed his interplea in the cause in which appellants were plaintiffs, but he gave no bond; and the attached property was sold by order of the court, and the proceeds of the sale were held by the officer. There was a written agreement upon the part of counsel that the interplea filed in the one cause should be considered as filed in each of the causes, respectively; and the trial and judgment in one case on the interplea was to apply to and be the trial and judgment in each of the other cases. The trial before the magistrate resulted in a judgment against the interpleader. He appealed, and in the circuit court the jury returned the following verdict: "We, the jury, find for the interpleader, and fix the value of the goods at the sum of nine hundred and fifty dollars,"—upon which the court rendered this judgment, viz: "That the interpleader, Geo. Grieb, do have and recover of and from the plaintiffs, D. W. Fly and Sam Hobson, the property attached by the sheriff in this action, or the value thereof, nine hundred and fifty dollars, and all his costs in this cause expended, for which execution may issue." Appellants insist here on two propositions: First, that the court had no jurisdiction to render the judgment; second, if it had jurisdiction, the judgment is erroneous.

1. The jurisdiction of the justice is determined by the amount in controversy between the plaintiff and defendant in the attachment, and not by the value of the property attached. The attachment is only a remedy or process by which the creditor is enabled to subject the property of the defendant, under certain conditions, to the satisfaction of his judgment. Only to that extent has he any claim or right to or in the property. Beyond this he has no controversy, either with the defendant or the interpleader. *Hoppe* v. *Byers*, 39 Iowa, 573; *Cushing* v. *Sambola*, 30 La. An. 426.

2. Since the attached property had been sold, and the proceeds were in the hands of the sheriff, it was error for the court to render a judgment against the plaintiffs for the property or its value, nine hundred and fifty dollars. *Norman* v. *Fife*, 61 Ark. 33. The interpleader was entitled, under the verdict, to his costs and the proceeds in the hands of the sheriff. If the amount did not equal the true value of the property, or if the interpleader were damaged otherwise by the unlawful taking or detention of same, he would have to seek redress in another proceeding. The issue on the interplea is for the property itself; or, if it has been sold, for its proceeds. Sec. 356, Sand. & H. Dig.

Reversed and remanded, with directions to the lower court to enter a judgment in favor of the interpleader for his costs, and an order directing the sheriff to pay over the proceeds of the property in his hands to said interpleader.