TURNER *v*. ISRAEL.

Opinion delivered July 3, 1897.

BILL OF LADING—TRANSFER WITHOUT INDORSEMENT.—If a written indorsement is necessary, under Sand. & H. Dig., §§ 509, 510, to transfer the legal title to the property described in a bill of lading, a transfer of one without indorsement as security for advances made is sufficient to pass the equitable title therein. (Page 246.)

EXECUTION—PRIORITY OF LIENS.—One who, at the request of a consignee, pays the charges shown by the bill of lading, and holds the goods and the bill of lading unindorsed as security for such charges, has a lien superior to that of an execution against the consignees which has been placed in the hands of an officer. (Page 246.)

Appeal from Lawrence Circuit Court, Eastern District.

RICHARD H. POWELL, Judge.

*Phillips & Beakley*, for appellant.

The whiskey was not subject to execution against Surridge & Turner. The title never vested in them. Appellant had a separate business of her own. Const. 1874, art. 19, § 7; Sand. & H. Dig., § 4940. The payment of the draft and delivery of the bill of lading vested the title in appellant. Sand. & H. Dig., §§ 509–510. Until payment of the draft, the title was in the consignors. The delivery of the bill of lading was a delivery of the property. 44 Ark. 301; 53 Md. 612. See also 1 Morse, Banks, §§ 268, 269, 273; 4 N. Y. 497; 12 Pick. (Mass.) 497; 11 Mass. 163; 146 U. S. 620; Tiffany, Sales, § 45, and note 39, p. 90; 49 Ark. 63. Property does not pass until the draft is paid. Tiffany, Sales, §§ 54, 55, 56. The sale under the execution could carry no greater interest

than the debtors had, and they had none.    Freeman, Ex. §§
120, 121; 31 Ark. 34.

*Chas. Coffin* and *John K. Gibson*, for appellee.

There was no written transfer of the bill of lading.    Sand.
& H. Dig., §§ 509, 510.    The shipment was a C. O. D. one.
The title, upon delivery to the transporting company, vested in
Surridge & Turner, subject to consignor's lien or right to pur-
chase price.    43 Ark. 353, 356–7.    Title vests in consignee on
delivery of draft to bank for collection with bill of lading
attached.    Am. Dig. 1895, p. 4086, § 50; 40 Pac. Rep. 1045;
22 S. E. Rep. 405.    Such property is subject to execution.    22
S. E. Rep. 304; 39 Pac. Rep. 906; 16 So. Rep. 29; 38 Pac.
Rep. 58; 50 Mo. App. 18.    The mortgage was void.    39 Ark.
325.    Mrs. Turner's verbal agreement with her husband did not
take priority over the execution.    44 Ark. 301; Sand. & H.
Dig., §§ 509, 510.    See also, 35 Ark. 136; 15 *id.* 543; 16 *id.*
511; 20 *id.* 293; 30 *id.* 186; 45 *id.* 177.

BATTLE, J.    This action was instituted by Mrs. Lizzie
Turner against J. F. Israel to recover the possession of two
barrels of whiskey, of the value of $160, which were held by
him as constable under an execution.    The action was brought
before a justice of the peace, and was taken by appeal to the
circuit court.

The facts, as shown by the evidence adduced at the trial in
the circuit court, are substantially as follows:    In 1894, James
H. Turner and William K. Surridge were engaged in the saloon
business in the town of Walnut Ridge, in this state.    In
December of that year the whiskey in controversy was shipped
to them at their place of business, "to be delivered on ship-
per's orders upon the payment of the purchase money to the
Lawrence County Bank, to which the bills of lading, accompa-
nied by the shipper's drafts, were sent for collection."    On the
20th of December, Surridge & Turner, representing themselves
to be without money to pay the charges, requested Mrs. Turner
to pay the same, and agreed with her that if she would do so,
she might take the whiskey, and hold it until the money was
repaid, which she did, and received the bills of lading.    While
she was doing this, Surridge & Turner executed to her a mort-

gage upon the whiskey to secure her in the payment of the amount advanced, which was something over $200. She accepted the mortgage after it was duly acknowledged, filed it for record, and then delivered the whiskey to Surridge & Turner, with the understanding that it would be sold by them, and that they would account to her for the proceeds of the sale until she was reimbursed. The money advanced has not been refunded.

On the 10th day of December an execution was placed in the hands of the defendant, in his capacity of constable, and he held it at the time the charges upon the whiskey were paid by Mrs. Turner, and served it by levying on the whiskey after she had delivered it to Surridge & Turner.

The court upon these facts found that the lien of the execution was prior to Mrs. Turner's claim, and rendered judgment in favor of the defendant.

The court erred in its conclusion as to the law. A bill of lading represents the property for which it was given. It is a muniment of title. At common law the property may be transferred by the delivery of the bill of lading without indorsement. Delivery with intent to transfer the title is sufficient. Jones, Pledges, § 262, and cases cited. But the statutes of this state make it negotiable by written indorsement thereon and delivery, in the same manner as bills of exchange and promissory notes. Sand. & H. Dig., §§ 509, 510. Assuming that a written indorsement, under the statutes, is necessary to transfer the legal title, a transfer of it without the indorsement, like the delivery of an unindorsed note, would nevertheless be sufficient to pass the equitable title.

Mrs. Turner at least acquired an equitable title to the bills of lading, which were delivered to her under the agreement with Surridge & Turner, and a lien on the whiskey to secure the payment of the money advanced to pay the charges thereon for the purchase money, and a right to the possession thereof. The mortgage was a continuation of the same lien in another form. She held and retained the lien and right to the possession first acquired until the mortgage was executed, acknowledged, and filed for record, when she delivered the whiskey to Surridge & Turner to be sold, with the understanding that the

proceeds should be paid to her until she was reimbursed. They acquired no right to the possession until they acquired it from her, and officers had no right to seize the property under process before that time; and after that there was no period of time when Mrs. Turner's lien and incidental rights did not exist, and the liens of process could have acquired priority. *Christie* v. *Hale*, 46 Ill. 117; *Curtis* v. *Root*, 20 Ill. 53; *First National Bank of Green Bay* v. *Dearborn*, 115 Mass. 219; Jones, Pledges, § 265, and cases cited.

The judgment of the circuit court is therefore reversed, and the cause is remanded for a new trial.

WOOD, J., absent.