SWIFT & CO. v. RUSSELL.

(Circuit Court of Appeals, Eighth Circuit. October 16, 1899.)

No. 1,234.

ATTACHMENT—CLAIMANT OF PROPERTY—PROCEEDING ON INTERPLEA.

Under Mansf. Dig. Ark. §§ 356, 358, in force in the Indian Territory, which permit any person claiming title to or any interest in or lien upon property attached in an action against another to file an interplea in such action at any time before the sale of the property, or the payment of the proceeds to the plaintiff, the proceeding authorized on such interplea is merely one to determine the ownership of property or its proceeds in the hands of the court, and to obtain a delivery of such property or proceeds to the true owner; and an interpleader cannot lawfully prove or recover from the plaintiff in that suit the value of the attached property.

In Error to the United States Court of Appeals in the Indian Territory.

Harrison O. Shepard, for plaintiff in error.

W. E. Rogers (W. L. Stephens, on the brief), for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge. In an action in the United States court in the Indian Territory which the plaintiff in error, Swift & Co., a corporation, had brought against one Guy, and in which the plaintiff had caused a writ of attachment to be levied upon certain property, the defendant in error, G. S. Russell, filed an interplea, in which he claimed the attached property as its owner. The plaintiff denied his claim, and at the trial of the issue between the plaintiff and the interpleader the court permitted the latter to prove and to recover a judgment for the value of the attached property which had

97 FEDERAL REPORTER.

been previously sold by the marshal. This judgment has been affirmed by the United States court of appeals for the Indian Territory, and the question which the case presents here is whether or not an interpleader in an attachment suit under the statutes of Arkansas in force in the Indian Territory may prove, and, if successful, may recover of the plaintiff in the attachment, the value of the attached property. The statutes under which this interplea is permitted and tried are sections 356 and 358 of Mansfield's Digest of the Laws of Arkansas, and they read in this way:

"Sec. 356. Any person may, before the sale of any attached property, or before the payment to the plaintiff of the proceeds thereof, or of any attached debt, present his complaint, verified by oath, to the court disputing the validity of the attachment, or stating a claim to the property, or an interest in or lien on it under any other attachment or otherwise, and setting forth the facts upon which such claim is founded, and his claim shall be investigated."

"Sec. 358. The court may hear the proof, or may order a reference to a commissioner, or may impanel a jury to inquire into the facts. If it is found that the claimant has a title to, a lien on or any interest in such property, the court shall make such order as may be necessary to protect his rights. The cost of this proceeding shall be paid by either party at the discretion of the court."

In the absence of the statutes, one whose property is attached under a writ against another has no right or remedy in the attachment suit. He may maintain an action against the marshal for the taking and conversion of his property, and he can recover in that action its value and any other damages he sustains from its seizure, but he cannot be heard in an action between others in which the writ of attachment is issued. Consequently the nature of the proceeding by interplea is fixed, and the extent of the remedy granted must be determined, by these sections of the statutes. When these are carefully read, the attention is sharply challenged by the facts that the interplea may be interposed before the sale of the attached property, or before its proceeds are paid over to the plaintiff, but not after such payment; that the claimant must set forth the facts on which his claim to the property or its proceeds is founded, but nothing more; that the court may find whether or not the claimant has a title to, a lien upon, or an interest in the property, but nothing else; and that it may make such order as may be necessary to protect his rights in the property or its proceeds, and may direct which party to the proceeding shall pay the costs, but it may grant no other relief. There is no provision in these sections for an assessment of damages for the appraisal of the property, or for the recovery of its value. The proceeding authorized by them is not an action for the value of the property or for damages for its taking. It is not an action for the recovery of the property. Indeed, it is not an action at all. It is more in the nature of a proceeding in rem. The extent of the adjudication which it authorizes is a determination of the rights and interests of the plaintiff and the interpleader in the attached property or its proceeds in the hands of the marshal, and the limit of the remedy it provides is the delivery of that property, or the payment of its proceeds, to the party whom the court finds to be entitled to them, and the assessment of the costs. "Expressio unius est exclusio

alterius," and a finding and recovery of the value of the property attached are not mentioned, and are therefore excluded from the adjudication and from the remedy which these sections of the statutes permit.

It is suggested that the right of the court to find the value of the attached property, and to render judgment against the plaintiff therefor, may be found in sections 5145 and 5180 of Mansfield's Digest; but these sections authorize such a finding and recovery in actions to recover personal property or its possession only, and this proceeding is not such an action. It is, as we have shown, a simple proceeding to determine the ownership of property or money in the custody of the court, and to obtain a delivery of that property or a payment of that money to the true owner. It is a proceeding for a disposition of property or money in the custody of the court, and not for the recovery of either from any person or party. Sections 5145 and 5180 neither apply to nor govern this proceeding. Our conclusion is that an interpleader in an attachment suit under sections 356 and 358 of Mansfield's Digest of the Statutes of Arkansas cannot lawfully prove or recover from the plaintiff in that suit the value of the attached property, but the extreme limit of the relief he may obtain in that proceeding is the property itself, or its proceeds, if it has been sold by the marshal, and the costs of the proceeding. Jefferson v. Dunavant, 53 Ark. 133, 134, 13 S. W. 701; Fly v. Grieb's Adm'r, 62 Ark. 209, 212, 35 S. W. 214.

There is another reason why testimony of the value of the attached property should not have been received in this case, and that is that there was no plea nor issue concerning it, and no demand for its recovery, and hence no notice to the plaintiff that it would be considered. The statement of the claim of the interpleader was a mere averment of ownership of the property in question, and the answer to it was a simple denial of that allegation. There was no suggestion of any claim to recover the value of the property until the testimony on that subject was offered in the midst of the trial, when the plaintiff had no opportunity to meet it. The evidence on this subject was incompetent and immaterial, and the recovery which the interpleader can secure in this proceeding, if he ultimately succeeds, must be limited to the proceeds of the sale of the attached property and the costs of the proceeding. The judgments of the United States court of appeals in the Indian Territory and of the United States court in the Indian Territory are reversed, and this case is remanded to the latter court, with directions to grant a new trial.