## Hughes Bros., Mfg. Co. vs Reagan, et al.

## Opinion delivered September 25, 1902.

1.  *Appeal—Assignment of Errors—Only Considered When Specifically Set out in Motion for New Trial.*

    Errors appearing upon the face of the record proper, without intervention of bill of exceptions; and those specifically pointed out to the trial court in motion for new trial, are the only ones which will be considered in this court on appeal. As to those not specifically embraced in a motion for new trial, when one is made, they are in the same condition as if no motion had been made.

2.  *Appeal—Motion for New Trial—What it Must Contain.*

    A motion for new trial setting out the errors complained of in the language of the statute is not sufficient, each error complained of must be specifically stated. And this rule is especially imperative in this jurisdiction in view of the provisions of Section 1303 Mansf. Dig. (805 Ind. T. Stat.)

3.  *Attachment—Commissioner's Courts—Jurisdiction.*

    An attachment case wherein the value of the attached property was found to be $300.00 and the damages to the party whose goods were wrongfully attached $90.00, making a total of $390.00, is not, therefore beyond the jurisdiction of the Commissioner, for in attachment cases the amount determining the jurisdiction is not the value of the property but that in controversy between the parties.

4.  *Attachment—Sale of Attached Goods—Recovery by Interpleader—Extent of.*

    Where goods attached in an action are claimed by an interpleader, and pending disposition of the case, are sold, the interpleader is only entitled to recover, if successful the proceeds of the sale and his costs, and a judgment awarding him the goods or their value must be reversed.

Appeal from the United States Court for the Southern District.

HOSEA TOWNSEND, Judge.

Action by Hughes Bros. Manufacturing Company against W. H. Reagan, defendant, and J. R. Lawrence, interpleader. Judgment for the interpleader. Plaintiff appeals. Reversed.

On the 23d day of August, 1899, Hughes Bros. Manufacturing Company, plaintiff below, instituted suit before the United States commissioner at Ardmore against W. H. Reagan upon an indebtedness of $92.50, and sued out an attachment, and caused the same to be levied upon a stock of drugs located in the town of Elk, Ind. Ter. The ground of attachment, as set out in the affidavit, was that the defendant had sold, conveyed or otherwise disposed of his property, and was suffering it to be sold, with the fraudulent intent to cheat, hinder, and delay his creditors. The complaint alleged specifically that defendant had fraudently conveyed the stock of goods levied upon to J. R. Lawrence, the interpleader herein. The stock of goods was seized by a special officer and held subject to the orders of court. J. R. Lawrence, the interpleader, filed his interplea, seeking to recover said stock of goods, and damages, to the extent of $2 per day for the alleged unlawful detention, which, up to the filing of the interplea, amounted to $90. Trial was had before the commisioner, resulting in a judgment in favor of the interpleader and against Hughes Bros. Manufacturing Company for the stock of goods and fixing their value at $300. The appellant prosecuted an appeal to the United States court for the Southern District, duly making and filing the affidavit and bond required by law, and on December 4, 1899, lodged the transcript of judgment and proceedings in the commissioner's court with the clark of the United States court. On the same day, on application of the plaintiff, an order was made by the court directing a sale of the property in the hands of the special officer as perishable goods; and said goods, in obedience to said order

were duly sold on the 2d day of February, 1900, which sale was duly confirmed by the court. On February 12, 1901, the plaintiff filed a motion to vacate the judgment rendered in favor of the interpleader, and to dismiss the interplea, for the reason that the amount in controversy in the court below exceeded the jurisdiction of that court because the value of the property, as found by the court below, amounted to $300, and the damages claimed by interpleader, $90, making a total of $390, which motion was by the court overruled, to which appellant excepted. The appellant then filed its motion to dismiss the interplea of J. R. Lawrence "because since the trial of the cause in the court below the goods have been sold under the order of court herein, and said goods are not any longer in the hands of the court, and said interplea for the goods cannot be maintained," which motion was overruled, and exception saved. Thereupon said cause was tried by a jury, resulting in a verdict for the interpleader for the value of the goods, and fixing their value at $150. Motion for new trial was duly filed and overruled, and an appeal regularly taken to this court.

*Ledbetter & Bledsoe*, for appellant.

*Dick & Lee* and *Robert H. West*, for appellees.

CLAYTON, J. In order to determine the question which we are called upon to decide in this case, we deem it proper to set out the motion for a new trial filed in the court below. It is as follows:

"Comes now the plaintiff, and moves the court to grant it a new trial herein for the following reasons, to wit:

"First. Because of the irregularities of the proceedings of the court and of the prevailing parties, and on account of the abuse of the discretion of the court, by which plaintiff was prevented from having a fair trial.

"Second. Because the verdict and decision is not sustained by sufficient evidence and is contrary to law.

"Third. Because of error of law occurring at the trial, and excepted to by the plaintiff.

"Fourth. Because the court erred in permitting the interpleader to recover the value of the goods seized under order of attachment herein, when the goods had, prior to the trial of said cause, been sold as perishable goods, and the funds in the hands of the court."

It will be seen that the first, second, and third grounds set up in the motion almost literally follow paragraphs 1, 6, and 8 of section 5157, Mansf. Dig. (Ind. Ter. Ann. St. 1899, § 3362.) The fourth ground of the motion is the only one which specifically points out the alleged error complained of.

The error assigned by appellant in his brief are as follows:

## Assignment of Errors.

"First. The court erred in overruling the appellant's motion to vacate the judgment of the commissioner and dismiss the interplea for the want of jurisdiction.

"Second. The court erred in overruling the motion to strike out the interplea for the goods after they had been sold, and in permitting the interpleader to prove and recover the alleged value of the goods after their sale, and after the proceeds were in the hands of an officer.

"Third. The court erred in permitting the interpleader, Lawrence, to testify as to the value of the goods in controversy.

"Fourth, The court erred in telling the jury they could not find the goods were worth more than $300, because the action was brought in the commissioner's court, and $300 was the limit of that court's jurisdiction.

"Fifth. The court erred in refusing to instruct the jury, at the request of the plaintiff, as follows: 'One buying a stock of goods with notice of such facts and circumstances in regard to the business and financial standing and conditions and the purpose of the vendor as would put an ordinarly prudent man upon inquiry is chargeable with the knowledge of all the facts which he could asecrtain by inquiry."

"Sixth. The court erred in refusing to instruct the jury at the request of the plaintiff 'that, if the interpleader purchased the stock of goods without making him take an inventory, that circumstance is a badge of fraud, and, in determining whether or not he purchased with knowledge of existing debts, the jury should consider the question of whether or not the inventory was taken."

"Seventh. The court erred in overruling the motion for a new trial, and in rendering judgment against it and the sureties on its appeal bond for the value of the goods as found by the jury at the time the same were seized under the order of attachment."

The first paragraph of the assignment of error challenges the jurisdiction of the court to try the cause. And this we must decide whether there be a motion for a new trial or not, because the alleged error appears upon the face of the record proper, without the intervention of a bill of exceptions, and is jurisdictional. See the case of Brought vs Cherokee Nation, decided by us at the present term, page 462 herein, (69 S. W. 937.)

The second assignment of error is covered by the fourth paragraph of the motion for a new trial and therefore it must be considered. But as to all of the other specifications of error, they are not even hinted at in the motion for a new trial, nor do the proceedings and matters to which they relate appear in the record proper, but were brought up on the record, as they

must necessarily have been, through the intervention of a bill
of exceptions.    In the case of Brought vs Cherokee Nation,
supra, we held, in the language of the supreme court of Arkansas
in Steck vs Mahar, 26 Ark. 536, that: "A motion for a new trial
is essential to correct the errors growing out of the evidence or
instructions, before an appeal can be entertained by this court.
When the error complained of does not relate to errors growing
out of the evidence or instructions, but is apparent from the
record without the intervention of a bill of exceptions, there
is no necessity for making a motion for a new trial and the cause
in such case can be brought to this court without making the
motion.    But in cases where the error complained of does not
appear of record save by the intervention of a bill of exceptions
a motion for a new trial must be made before appeal will lie to
this court."    And it necessarily follows that as to every such
error not embraced in a motion for a new trial, when one is made,
it is in the same condition as if no motion had been made, because
for such errors the court has never been asked to set the verdict
aside and grant a new trial.    Before this court is called upon
to pass upon any error of the court below growing out of matters
necessary to be brought up on the record through the intervention
of a bill of exceptions, it must appear that the district court first
had an opportunity of reviewing its rulings, and that can only
be done by the filing of a motion for a new trial, specifically
pointing out the error claimed to have been made.    It has been
almost, if not quite universally decided that setting out the errors
complained of in the language of the statute is not sufficient.
Edmonds vs State, 34 Ark. 720; Seifrath vs State, 35 Ark. 413
"The practice is to state the grounds for a new trial separately
and in separate paragraphs.    Each error complained of should
be stated as a separate ground, and they should be stated so
specifically as to direct the attention of the court and opposing
counsel to the precise errors complained of.    A mere statement
of the grounds, without further specifications, will therefore

be insufficient." The purpose of the rule is to direct the attention of the court to the precise question involved. Except in states where the statute requires a notice of this motion first to be filed, we find no exception to the above rule, and in those states the law requires the errors to be specifically assigned in the notice. The numerous cases bearing on this question are collated in the notes on pages 882, 883, 14 Enc. Pl. & Prac. And more especially is this rule imperative in this jurisdiction, because the statute provides that no written assignment of errors shall be necessary. Mansf. Dig. §1303 (Ind. Ter. St. 1899, § 805.) The assignment of error aside from that contained in the motion for a new trial, is only required here by virtue of a rule of court. The law makes a motion for a new trial perform the office of an assignment of error. The rule that the motion must be specific is not so much for the protection of the court as it is for that of the litigants, in protecting them from the delays and expenses of unnecessary appeals.

Examining the motion for a new trial in this case, it will be seen that the only error of the court below assigned with sufficient certainty is the fourth, which is as follows: "Because the court erred in permitting the interpleader to recover the value of the goods seized under order of attachment herein, when the goods had prior to the trial of said case been sold as perishable goods, and the funds were in the hands of the court." Passing then, to a consideration of the first assignment, which we must consider, because the ground complained of appears on the face of the record proper and is jurisdictional, and therefore need not be assigned in the motion for a new trial: A motion was made and overruled at the trial to dismiss the interplea for the reason that the amount in controversy in the commissioner's court exceeded the jurisdiction of that court, in this: that the value of the goods attached was alleged to be $300, and damages were also claimed by the interpleader to the amount of $90, making

an aggregate amount in controversy of $390,—an amount $90 in excess of the commissioner's jurisdiction. This precise question was decided by the supreme court of Arkansas in the case of Fly vs Grieb's Adm'r, 62 Ark. 209, 35 S. W. 214. The court say: "The jurisdiction of the justice is determined by the amount in controversy between the plaintiff and defendant in the attachment, and not by the value of the property attached. The attachment is only a remedy or process by which the creditor is enabled to subject the property of the defendant, under certain conditions, to the satisfaction of his judgment. Only to that extent has he any claim or right to or in the property. Beyond this he has no controversy either with the defendant or the interpleader. Hoppe vs Byers, 39 Iowa, 573; Cushing vs Sambola, 30 La. Ann. 426." We do not doubt but that this is a correct exposition of the law on that subject, and therefore find that the court did not err in holding that it had jurisdiction to try the case.

The second specification of error in the assignment raises the question as to whether the court erred in permitting the interpleader to prove and recover the value of the attached property, which had been sold, and the proceeds held by the officer. In the case of Fly vs Grieb's Adm'r, supra, the supreme court of Arkansas say: "Since the attached property had been sold and the proceeds were in the hands of the sheriff, it was error, for the court to render a judgment against the plaintiff for the property or its value, nine hundred and fifty dollars. The interpleader was entitled, under the verdict, to his costs and the proceeds in the hands of the sheriff. · If the amount did not equal the true value of the property, or if the interpleader were damaged otherwise by the unlawful taking or detention of same, he would have to seek redress in another proceeding. The issue on the interplea is for the property itself, or, if it has been sold, for its proceeds." And that case was reversed because of this error. In the case of Swift & Co. vs Russel (decided by

the United States circuit court of appeals for the eighth circuit) 38 C. C. A. 259, 97 Fed. 443,—a case which was appealed from this court, in passing upon this question the court say: "Consequently the nature of the proceeding by interplea is fixed, and the extent of the remedy granted must be determined, by these sections of the statutes. When these are carefully read, the attention is sharply challenged by the facts that the interplea may he interposed before the sale of the attached property, or before its proceeds are paid over to the plaintiff, but not after such payment; that the claimant must set forth the facts on which his claim to the property or its proceeds is founded, but nothing more; that the court may find whether or not the claimant has a title to, a lien upon, or an interest in the property, but nothing else; and that it may make such order as may be necessary to protect his rights in the property or its proceeds, and may direct which party to the proceeding shall pay the costs, but it may grant no other relief. There is no provision in these sections for an assessment of damaages, for an appraisal of the property, or for the recovery of its value. The proceedings authorized by them is not an action for the value of the property, or for damages for its taking. It is not an action for the recovery of the property. Indeed, it is not an action at all. It is more in the nature of a proceeding in rem. The extent of the adjudication which it authorizes is a determination of the rights and interests of the plaintiff and the interpleader in the attached property or its proceeds in the hands of the marshal, and the limit of the remedy it provides is the delivery of that property, or the payment of its proceeds, to the party whom the court finds to be entitled to them, and the assessment of the costs."

And it appearing that the court below in this case rendered judgment against the sureties and his bondsmen for the value of the goods, instead of for the proceeds in the hands of the officer and costs, the cause is reversed and remanded.