SMITH v. LEE.

Opinion delivered December 24, 1904.

JUDGMENT—CONCLUSIVENESS.—Where the trial court by mistake entered judgment in favor of the interveners in an attachment suit for the return of the attached property or its value, instead of ordering its proceeds turned over to the interveners, the property having been sold by the sheriff, and this judgment was affirmed on appeal, such judgment, though erroneous, was binding upon plaintiffs and their sureties upon the supersedeas bond.

Appeal from Craighead Circuit Court.

FELIX G. TAYLOR, Judge.

Affirmed.

*J. C. Hawthorne, J. D. Block* and *N. W. Norton,* for appellants.

The court erred in refusing the second declaration of law asked by appellants. 44 Ark. 178; 52 Ark. 340. No judgment for the value of the lumber could have been entered on the interplea. 53 Ark. 133. The suit in conversion, though afterwards dismissed, was an election. 21 N. E. 172; 20 So. 890; 22 N. E. 346; 52 Mo. App. 407; 62 N. W. 346; 26 S. W. 360; 18 Am. Dec. 719; 73 N. W. 1079; 94 N. W. 859. The sureties on the supersedeas bond would not now be liable, even if the judgment of this court, upon which they are sued, was valid. The court erred in refusing the third and fourth declarations at law asked by appellants on this point. 24 Am. & Eng. Enc. Law. 748, 836; 42 Am. Dec. 240; 63 Ill. 275.

*S. L. Cockcroft,* for appellees.

The cases in 44 Ark. 178, and 52 Ark. 340, are not applicable. Judgments may be rendered in the alternative, as a judgment for property or its value. 11 Enc. Pl. & Pr. 963, note 14; 38 Tex. 62.

A judgment is a debt, and an action on a judgment is one *ex con-tractu.* 17 L. R. A. 611. As to when right of election exists in conversion see: 31 Ark. 158, 159. The sureties are liable. Gantt's Dig. § § 1083, 1102; 29 Ark. 208; 5 Mich. 52; 8 Minn. 285; 7 Yerg. 103. The proper measure of damages against them was the value of the property. Drake, Attach. § 179*a;* 2 Sedgw. Dam. § 565; 61 Ark. 33. Payment of the proceeds of the attached property to the appellants was not authorized by any statute, in any event. Mans. Dig. § 356; 14 S. W. 655, 656, 657.

HILL, C. J. In the case of Smith, Graham & Jones and the Cross County Bank, plaintiffs, Jones & McPherson Bros., defendants, and Lee & Company, interveners, a judgment was rendered March 10, 1894, by the Craighead Circuit Court in substance as follows: That a sawmill, 250,000 feet of poplar lumber, and 40,000 feet of poplar logs, taken under writ of attachment in suits of the plaintiffs against the defendants, be delivered to the interveners, and that the interveners recover their costs. The sawmill and logs were delivered to interveners under this judgment. The plaintiffs appealed from the judgment, and executed a supersedeas bond, in so far as the lumber was concerned, with R. L. Block and E. J. Badinelli as sureties. On the 28th of November, 1896, the Supreme Court rendered a judgment affirming the judgment of the Craighead Circuit Court. *Smith* v. *Jones,* 63 Ark. 232. This judgment recited the execution of the supersedeas bond superseding the judgment as to the 20,000 feet of lumber, and it was adjudged that Lee & Company recover of the Smith, Graham & Company and the Cross County Bank and their sureties said lumber, or its value, and the costs.

This suit was brought against said parties and sureties to recover the value of the lumber, and a recovery thereof was had in the circuit court, and this appeal was taken by the defendants in that suit. It appears from the agreed statement of facts that, prior to the judgment in the Craighead Circuit Court, the lumber had been sold and its proceeds were in the hands of the sheriff at the time of the execution of the supersedeas bond.

The Craighead Circuit Court should not have entered judgment for the return of the property after it had been sold and the proceeds were in the hands of the sheriff. The proper order was for the proceeds to be turned over to the interveners, leaving

the interveners their remedy, if the proceeds were not equal to the value, in another action. *Fly* v. *Grieb's Admr.,* 62 Ark. 209. The court evidently did not know the status of the property, and supposed it was still held by the sheriff, and hence the judgment directing the sheriff to deliver it. The plaintiffs should have corrected this in the circuit court, which doubtless could easily have been done by calling the attention of the judge to the return of the sheriff. If the court had failed to enter the proper order after being advised of the situation, the remedy was plain. Instead of that course being pursued, the judgment is entered and appealed from as if the property was still in the sheriff's hands. Therefore the judgment must have been treated as one ordering the delivery of property to the interveners, which delivery was prevented by reason of the supersedeas bond.

The appellants and their sureties thus presented the judgment to the Supreme Court, and in consequence thereof the judgment of the Supreme Court on affirmance of it was for a delivery of the property or its value, when otherwise it would have been for a delivery of the proceeds, and in that event the amount of the proceeds would have been the extent of the sureties' liability. The form of the bond given in conformity to section 1046, Sandels & Hill's Digest, bound the sureties to perform the judgment appealed from, or any judgment rendered by the Supreme Court, or caused to be rendered by it, not exceeding in amount or value the original judgment. That was the case here, and the sureties as well as the principals were bound by that judgment. This action was proper to recover and ascertain the value of the lumber which was not delivered according to the undertaking of the bond.

The judgment is affirmed.