WILLIAM CAMERON & CO. vs PECK & MELLISH.

Opinion rendered November 24, 1906.

(97 S. W. Rep. 1015).

1. *New Trial—Motion For, When Grounds too General Will Not be Granted*

As grounds for a motion for a new trial it is alleged as reasons therefor among others (1) errors of law occuring in the record, (2) because

of remarks made by the court in the presence of the jury during the trial of said cause, and (3) because of erroneous instructions and refusal to instruct as requested by defendant which instructions and requested instructions were not reduced to writing and cannot therefore be repeated in said motion, said reasons will not be considered because too general.

Appeal from the United States Court for the Southern District of the Indian Territory; before Justice J. T. Dickerson, June 6, 1905.

Action by Peck & Mellish against William Cameron & Co. From a judgment in favor of plaintiffs, defendants appeal. Affirmed.

Peck & Mellish, appellees, were partners, engaged in the real estate business, and appellants, Wm. Cameron & Co., a corporation, engaged in the lumber business, at Comanche, I. T. This is a suit to recover $60, claimed as a commission for the sale of a wagon yard belonging to appellants. Verdict and judgment for appellees.

*Gilbert & Bond*, for appellants.

*Wilkinson & Admire*, for appellees.

CLAYTON, J. The motion for new trial, filed on January 9, 1905, prior to the adoption of the federal procedure in appeals (Chapter 1479, 33 St. L. 1081) is as follows: "Now comes the defendant in the above styled and entitled cause and moves the court to grant it a new trial in this cause for the following reasons, to wit: First, for errors of law occurring in the record. Second, because the verdict is contrary to law, and is not supported by the evidence. Third, because of remarks made

by the court in the presence of the jury during the trial of said cause.  Fourth, because the court erred in giving instructions it did in said cause, and refusing to instruct the jury as requested by the defendant, which instructions and requested instructions were not reduced to writing and cannot, therefore, be repeated in this motion; to all of which the defendant in open court then and there excepted."

Under the rule laid down in Hughes vs Reagan, 69 S. W. 940, the first, third, and fourth grounds of the motion for new trial are too general, and cannot be considered.

The only question, then, left for our consideration is that the verdict is contrary to the law, and is not supported by the evidence.  The complaint was not demurred to, and states a good cause of action.  The evidence tended to show that the general manager of defendant's business at Comanche agreed with plaintiffs that defendant would pay them 5 per cent. commission on the amounts received from the sale of any of their property through plaintiffs' agency; that the defendants sold a wagon yard for $1,200; and that the plaintiffs were instrumental in bringing about the sale; and that the defendants failed and refused to pay them their commission, $60.  The defendant's evidence tended to contradict this, but the question was fairly submitted to the jury, under proper instructions, and their verdict was for the plaintiffs for the amount claimed.

The verdict is sustained both by the law and the evidence, and the judgment of the court below is affirmed.

GILL, C. J., and TOWNSEND and LAWRENCE, JJ., concur.