MALONEY, RECEIVER *v*. JONES-WISE COMMISSION COMPANY.

## Opinion delivered February 22, 1915.

1. BILLS OF LADING—ENDORSEMENT AND DELIVERY—RIGHT TO POSSESSION. —The endorsement and delivery of bills of lading to one A. is sufficient at common law to transfer the possession of the goods covered by the bills of lading to A.

2. FACTORS AND BROKERS—ADVANCES—LIENS.—By the common law, a factor and commission merchant has a lien upon the goods of his principal in his hands as security for all advances made to such principal, in connection with the goods consigned.

3. BILLS OF LADING—TRANSFER—LIEN.—Under Kirby's Digest, chapter 15, page 295, one to whom a bill of lading has been transferred by endorsement and delivery is treated as the owner thereof, so far as to give validity to any pledge, lien, or transfer given, made or created thereby.

4. ATTACHMENTS—SALE—ORDER OF COURT.—Where attached property has been sold, under the orders of the court, and the proceeds are in the hands of the sheriff or the custodian in whose hands it was placed by the court's order, a judgment can not be rendered in favor of an interpleader against the plaintiff in the attachment for the value of the property.

5. ATTACHMENTS—JUDGMENT FOR COSTS.—A judgment for an intervener in an attachment suit should be for costs, and the proceeds of the property in the sheriff's hands, and not for the property or its value, where the attached property has been sold and the proceeds delivered to the sheriff.

6. SURETY BOND—LIABILITY—PROPERTY OF THIRD PARTY.—A surety on an attachment bond who undertakes to pay all damages which may be sustained by the defendant, is not liable for a trespass committed to the property of a third party.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; reversed in part, affirmed in part.

### STATEMENT BY THE COURT.

T. H. Bunch Commission Company (hereinafter called the Bunch Company) instituted this suit in the circuit court against John W. Sharpe, alleging that Sharpe was indebted to it in the sum of $600 damages growing out of sales of hay from Sharpe to it, the ground of the attachment being that Sharpe was a non-resident. The Bunch Company filed an attachment bond in the sum of

$1,260, with the Maryland Casualty Company (hereinafter called the Casualty Company) as surety, which bond recites: "We undertake and are bound to the defendant, John W. Sharpe, in the sum of $1,260 that the T. H. Bunch Commission Company shall pay to said defendant the damages which he may sustain by reason of the attachment in this action if the order therefor is wrongfully obtained."

An order of general attachment was issued on November 25, 1913, directing the sheriff to attach the property of Sharpe in Pulaski County. The sheriff levied on the four cars of hay in the yards of the railway companies. These cars of hay had been shipped under bills of lading to shipper's order, and with instructions to notify the Bunch Company. The Bunch Company was, by order of the court, appointed custodian of the property and the sheriff was directed to deliver the hay to it.

On January 14, 1914, the Jones-Wise Commission Company (hereinafter called the Jones-Wise Company) intervened, claiming the right to the possession of the hay by virtue of a factor's lien on the same, setting up that the original bills of lading had been endorsed and mailed to it on November 17, 1913, and that these bills of lading had been received by it on November 20, 1913, five days before the attachment was issued. The intervener alleged that it had loaned Sharpe $500 on the hay after he had shipped the same to Little Rock, and that to secure this $500 Sharpe had endorsed the bills of lading to intervener.

The Bunch Company denied that the intervener had a factor's lien, and denied that it was entitled to the hay.

No process was issued or served upon the Casualty Company and it did not appear in the case.

The defendant in the attachment did not appear and there was no issue on the attachment.

Upon the evidence adduced both parties asked a directed verdict, whereupon the case was withdrawn from the jury, and the court found on the issue between the intervener and the Bunch Company, that the defendant was

a non-resident of the State; that the four cars of hay in controversy had been shipped by Sharpe to shipper's order, with directions to notify Bunch Company, on November 7, 1913. The court found the value of the hay, under the facts, to be $631.42. The court further found the facts to be, as stated in the deposition of witness Wise, who was the vice-president of the Jones-Wise Company, intervener, that Sharpe was not the owner of the hay in controversy; that the hay was not purchased in the ordinary sense, but was shipped to the intervener company on consignment, the company having advanced money on account of the cars; that the agreement for the purchase of the cars was completed November 17, 1913, and the transaction closed and title passed to intervener company on that day; that on November 20, the intervener received through the mail from Sharpe shipper's order bills of lading for the cars of hay in question, endorsed to intervener under date of November 17, 1913; that on November 25, 1913, Sharpe owed the Jones-Wise Company $500 which it had advanced to him and which was to be reimbursed out of the proceeds of the four cars of hay in question. The Jones-Wise Company advanced Sharpe the $500 before the hay was shipped. It was to sell the four cars, collect for the same and remit to Sharpe any balance remaining after freight and other charges were paid, and after paying the amount of the advancement. After receiving the bills of lading on November 20, the Jones-Wise Company were called over the long-distance phone by Sharpe and were instructed to place the $500 advanced, above referred to, against the particular four cars of hay, which the company did, and which advance still stands charged to Sharpe on the company's books against these four.

The appellant Bunch Company asked the court to declare the law as follows: "The intervener did not have a factor's lien on the four cars of hay in question, and that the intervention should be dismissed." The court refused this declaration, to which appellant duly excepted.

The court declared the law as follows: "That the intervener did have a factor's lien on the four cars of hay in question and that the attachment should be dismissed;" to which the appellant duly excepted.

The court rendered judgment dismissing the attachment, and in favor of the appellee Jones-Wise Company, and against the Bunch Company, appellant, for the hay or its value. The judgment recites as follows: "It appearing that the hay has been sold and can not be delivered, and that the market value of the hay at the date of the seizure under said attachment was $631.42, the court further adjudges that the Jones-Wise Commission Company recover from the plaintiff and from the Maryland Casualty Company, its surety, $655.18, the market value of the hay, and interest at 6 per cent since its attachment, and its costs."

After the judgment was rendered and before the transcript was lodged, the Bunch Company was declared bankrupt and J. S. Maloney was appointed receiver, and after the appeal was perfected, under the order of court the appeal is prosecuted in the name of the receiver. The Casualty Company also appeals.

*Wallace Townsend,* for appellant.

1. Where there is no question as to whether the goods have been sold to the consignee, but an ordinary consignment for sale is admitted, the consignee does not part with his title to the consignment, but continues to be the true owner until the goods are sold. 40 Ark. 216; 108 N. Y. 439, 15 N. E. 701; 78 Mo. App. 28; 19 Cyc. 121.

The title, therefore, was still in Sharpe, and the hay was subject to attachment, unless appellee had a factor's lien; and in order to have such lien they must have made an advance upon this particular hay.

The $500 loan was not an advancement on these four cars, and can not be made the basis of a factor's lien. Such lien does not exist if the advance was made upon personal credit exclusively. 19 Cyc. 157. It can not be claimed that this loan was advanced on the faith of these

cars of hay or that they were shipped in accordance with
a previous understanding to ship them in satisfaction
of the advancement.   60 Ark. 357, 362; 12 Am. & Eng.
Enc. of L. (2 ed.) 680; *Id.* 682; 49 Md. 59.

The facts of the case will not support a claim based
on section 530, Kirby's Digest, because the facts show
that there was no advance upon the faith of the bill of
lading.   60 Ark. 357.

2.   Even on the theory that there was a factor's
lien, it was error to give judgment for the market value
of the hay.   The most appellee was entitled to was a
refund of the alleged advance.   90 U. S. 35.

In no event was it entitled to judgment for more
than its costs and the proceeds in the hands of the sher-
iff's custodian.   62 Ark. 210, 212.

*W. G. Riddick* and *R. E. Wiley,* for appellee.

1.   Personal property subject to a lien can not be
taken under attachment.   Jones on Chattel Mortgages,
§ 555; 42 Ark. 236-240; 58 Ark. 289-291.

The endorsement and delivery to appellee of the bills
of lading, both at the common law and under our statutes
transferred possession of the hay to appellee.   Kirby's
Dig., § § 524-533; 44 Ark. 306; 64 Ark. 244-246; 31 Ark.
131.   The fact that the hay was delivered to appellee
after the advancement had been made, is immaterial.
A pre-existing indebtedness can be secured by pledge.
31 Cyc. 795, 796; 73 Mo. 665, 39 Am. Rep. 537; 13 Ky.
Law Rep. 267; In re *Wiley,* Fed. Cas. No. 17,655; 12
Mass. 300, 7 Am. Dec. 74.

2.   Appellee was entitled to judgment for the hay
or its value.   An intervention in an attachment is, under
our statute, but a summary substitute for replevin, and
the replevin statute provides for judgment in the alter-
native for the property or its value.   58 Ark. 446; 47
Ark. 40; 4 Cyc. 727.

3.   Judgment against the surety is correct.   Being
a party to the action, the surety can not *now* complain of

the judgment where it failed to file a motion for new trial.   Kirby's Dig., § 1233.

*Cockrill & Armistead,* for the surety.

The interpleader can not recover a judgment against the surety on the plaintiff's attachment bond.   The object of the bond is to protect the defendant, not an interpleader.   Kirby's Dig., § 347; 3 Cyc. 765; 49 N. E. 282; 57 S. W. (Ky.) 459; 62 Ark. 171; *Id.* 209; 63 Ark. 451. In no event was the interpleader entitled to a summary judgment against the surety.   37 Ark. 206; 29 Ark. 208; 83 Ark. 205.

WOOD, J., (after stating the facts).   The court found the facts, as requested by the appellant, to be "as stated in the deposition of Henry M. Wise."   Therefore, if in any view of the facts as stated in the testimony of Wise the judgment of the court is correct appellant is in no attitude to complain, and the judgment in favor of the appellee as against appellant must be affirmed.

The testimony of Wise would warrant the court in finding that the hay in controversy was delivered to intervener on consignment; that it had advanced the money to Sharpe, the consignor, on account of these particular cars; that under the contract it was to sell the hay and out of the proceeds, after paying the amount of the advancement and the costs and commissions, the intervener was to account to Sharpe for the balance; that the consignor Sharpe held bills of lading which recited that it was to be delivered to his order, and that before the attachment was issued he had endorsed and mailed these bills of lading to the intervener.

(1)   On the facts as thus stated, the court was correct in declaring as a matter of law that the intervener had a factor's lien on the cars of hay in question.   The endorsement and delivery of the bills of lading was sufficient at the common law to transfer the possession of the hay to the intervener.   *Durr, et al.* v. *Hervey,* 44 Ark. 306; *Turner* v. *Israel,* 64 Ark. 244.   See also, *Puckett* v. *Reed,* 31 Ark. 131.

(2)   The facts also, as they may have been found by the court, were sufficient to bring the case within the doctrine of *May* v. *McGaughey,* 60 Ark. 357, where we said: "By the common law, a factor and commission merchant has a lien upon the goods of his principal in his hands as security for all advances made to such principal, in connection with the goods consigned."

(3)   Here the advancement made by the appellee to Sharpe, according to the testimony of Wise was not in the nature of a debt contracted without any reference to the business relations existing between them as principal and factor, but the advancement of $500 was made directly with reference to the relation between them as that of principal and factor.   At least the testimony of Wise fully warranted the court in so finding.   But our statute, Kirby's Digest, chap. 15, p. 295, still further enlarges the common law rule and makes the one to whom a bill of lading has been transferred by endorsement and delivery "the owner of such goods   *   *   *   so far as to give validity to any pledge, lien or transfer given, made or created thereby," etc.   So under the facts of this record at the time of the issuance of the attachment there can be no doubt that the appellee had a factor's lien and title to the cars of hay in controversy and the same therefore were not subject to attachment.   See *Jennings* v. *McIlroy,* 42 Ark. 236-241; *Buck* v. *Bransford,* 58 Ark. 289-291.   See, also, *United States* v. *Villalonga,* Book 23, p. 64, L. C. P. Co. (ed.) U. S. Sup. Ct. Reports, and case note.

The judgment of the court, therefore, in favor of the intervener, dismissing the attachment, is affirmed.

(4-5)   The intervener was entitled to a judgment against the Bunch Company, plaintiff in the attachment, only for costs and the proceeds of the property in its hands as custodian.   The property, under the orders of the court had been taken from the sheriff and put in the hands of the Bunch Company as custodian and the property ordered to be sold.   Where attached property has been sold under the orders of the court and the proceeds

are in the hands of the sheriff or the custodian, in whose hands it was placed by the court's order, a judgment can not be rendered in favor of an interpleader against plaintiff in the attachment for the value of the property. "A judgment for an intervener in an attachment suit should be for costs and the proceeds of the property in the sheriff's hands, and not for the property or its value, where the attached property has been sold and the proceeds delivered to the sheriff." *Fly* v. *Grieb's Administrator,* 62 Ark. 209.   See also, *Smith* v. *Lee,* 73 Ark. 451.

The court erred in rendering judgment against the appellant for the value of the property, but there is no evidence that the value of the property exceeded the proceeds of the sale.   No evidence as to what the value of the property was, therefore the error in this particular was not prejudicial, and the judgment is affirmed.

(6)   But the court erred in rendering judgment against the Casualty Company, the surety on the attachment bond of the Bunch Company.   That bond bound the Bunch Company and its surety, the Casualty Company, to pay "to said defendant the damages which he may sustain by reason of the attachment in this action if the order therefor is wrongfully obtained."   The order for the attachment was not wrongfully obtained.   Moreover, the express language of the bond was to pay the damages which the defendant in the attachment might sustain. The object of the bond was to protect the defendant and not the intervener.   The law is correctly stated in 4 Cyc. 765, as follows:   "It seems that a surety on an attachment bond who undertakes to pay all damages which may be sustained by defendant is not liable for a trespass committed to the property of a third party."

There was no breach of the bond as the attachment was not wrongfully obtained, and no damages to the defendant in the attachment.   See *Rodde* v. *Hollweg,* 19 Ind. App. 222, 49 N. E. 282; *Martin* v. *Turpin,* 57 S. W. 459.

. The court therefore erred in rendering judgment against the Casualty Company, and the judgment as to it is reversed and the cause dismissed.